**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
Robert M. Bramson, Cal. Bar No. 102006
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: 925-945-8792
rbramson@bramsonplutzik.com

**THE MILLS LAW FIRM**
Robert W. Mills, Cal. Bar No. 062154
Harry Shulman, Cal. Bar No. 209908
145 Marina Boulevard
San Rafael, CA 94901-4224
Telephone: (415) 455-1326
Facsimile: (415) 455-1327
harry@millslawfirm.com

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Stephen Gardner (*pro hac vice* pending)
Director of Litigation
Katherine Campbell (*pro hac vice* pending)
Staff Attorney
The Meadows Building
5646 Milton Street, Suite 211
Dallas, Texas 75206
Telephone: 214-827-2774
Facsimile: 214-827-2787
sgardner@cspinet.org
kcampbell@cspinet.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GALLARDO, an individual, | Case No. **3:07-cv-05331-MJJ** |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | (Jury Trial Demanded) |
| AURORA DAIRY CORPORATION, d/b/a Aurora Organic Dairy, a Delaware Corporation, | (No responsive pleading yet filed) |
| Defendant. | |

FIRST AMENDED CLASS ACTION COMPLAINT

Brenda Gallardo ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows on information and belief:

## INTRODUCTION

1   This is a class action on behalf of all California residents who purchased dairy products labeled as "organic" by defendant Aurora Dairy Corporation ("Aurora") within four years prior to the date the original complaint in this matter was filed. As alleged below, plaintiff is informed and believes that Aurora has engaged in unfair and deceptive acts and practices and has been unjustly enriched by marketing and selling dairy products labeled as organic, at prices much higher than non-organic dairy products, when Aurora knew or should have known that its products did not meet the standards required for labeling them as organic.

## PARTIES

2   Plaintiff Brenda Gallardo is a resident of California, County of Alameda.

3   Defendant Aurora is a Delaware corporation with its principal place of business in Colorado. On information and belief, Aurora is the second largest producer of milk and other dairy products labeled as "organic" within the United States and places into the stream of commerce substantial amounts of such dairy products with the knowledge, expectation and intention that these products will be marketed and sold within the State of California as well as many other places.

## JURISDICTION AND VENUE

4   This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff, have a different citizenship from Aurora; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

5   Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Aurora is subject to personal jurisdiction in this district.

## GENERAL FACTUAL ALLEGATIONS

6   Many consumers are willing to pay higher prices for dairy products labeled as "organic" than for similar products that are not so labeled. Among the reasons why these consumers are willing to pay a premium for organic labeled dairy products are their beliefs that dairy products produced in compliance with all applicable standards and requirements for labeling them as organic are healthier for them and their families, and that organic cattle ranching is less damaging to the environment.

7   Aurora is the country's largest producer of "private-label" dairy products represented to be "organic." Aurora packages store-brand organic dairy products for Safeway, Wal-Mart, Costco, Target, and other stores. Aurora knows and intends that the products it sells to these retail stores will be resold to consumers, including consumers within the State of California; will be labeled, marketed and advertised by those stores to consumers as "organic"; and will be priced at a premium compared to equivalent dairy products which are not labeled as organic.

8   For example, Safeway sells organic milk under its own in-house brand, "O Organics." Costco sells organic milk under its own in-house brand, "Kirkland Signature." In both cases, the milk is produced by Aurora and then distributed to Safeway or Costco for subsequent retail sale to consumers such as plaintiff. On information and belief, Aurora represents to the retail stores such as Safeway and Costco that the milk is "organic" and meets all standards and requirements for labeling of the milk as "organic."

9   In addition to providing labels for other stores, Aurora has its own label, High Meadows.

10   All milk and other dairy products sold by Aurora is labeled and advertised as "organic." Aurora actively markets the benefits of "organic" products on its website and suggests that organic production of dairy benefits small farmers and preserves rural communities.

11   Plaintiff has purchased Safeway's "O Organics" brand dairy products on numerous occasions within the last four years. These products, labeled as "organic," were produced by Aurora.

12  Despite the clear labeling of the dairy purchased by plaintiff, and all other similarly situated consumers, as "organic," the products produced by Aurora were not properly labeled as "organic" because the products failed to meet the standards and requirements for such labeling as alleged below.

13  On information and belief, the dairy products produced by Aurora – all of which have been labeled as "organic" when sold to consumers – have not complied with the applicable standards and requirements for labeling organic dairy products. Among other reasons, the dairy products produced by Aurora have not qualified for an "organic" label under applicable law because:

a.  Aurora failed to provide a total feed ration that included pasture, failed to establish and maintain appropriate pasture conditions and failed to establish and maintain access to pasture, thereby failing to meet the requirements for organic labeling set forth in 7 C.F.R. §§ 205.237(a), 205.238(a)(3) and 205.239(a)(2).

b.  Aurora allowed milk from non-organic cows to be sold and labeled as organic before the cows completed the required one-year period of continuous organic management and sold and labeled as organic milk from other non-organic cows that had not been under organic management from at least the last third of gestation, thereby failing to meet the requirements for organic labeling set forth in 7 C.F.R. § 205.236(a)(2).

c.  Aurora allowed "organic" cows to be managed at non-organic ranches, and then returned the cows to Aurora facilities for milking, thereby failing to meet the requirements for organic labeling set forth in 7 C.F.R. §§ 205.236(b)(1).

d.  At multiple facilities, Aurora used non-organic bedding materials for its cattle (which sometimes consume their bedding), thereby failing to meet the requirements for organic labeling set forth in 7 C.F.R. § 205.239(a)(3).

e.  Aurora sold dairy products labeled as organic without meeting all of the requirements of California law, as set forth in the California Organic Products Act of

2003, as enacted in Cal. Health and Safety Code, §§110810 *et seq.* and Cal. Food and Agricultural Code, §§46000 *et seq.*

14    In addition, Aurora failed to maintain and provide adequate documentation to assure compliance with organic standards regarding things such as utilization of off-site facilities for management of cattle, and failed to provide notice to certifying bodies regarding changes to its approved Organic System Plans.

15    Because of the actions described above, the dairy products produced by Aurora were not organic, and Aurora could not lawfully label those products as organic or to permit their sale by others with that designation. Nevertheless, Aurora did so label its dairy products and did so permit their sale by others with that designation.

16    Aurora willfully or negligently sold dairy products as "organic" when it was not properly so labeled. Yet Aurora has taken no action to restore to consumers the premium they paid to purchase organic dairy products nor to refund to consumers the profits Aurora gained from representing that its products were organic since 2003.

17    The dollar amount of the premium paid by California consumers for purchase of Aurora's wrongfully labeled dairy products in the last four years exceeds $5,000,000 in the aggregate. The dollar amount of the receipts to Aurora on the sale of dairy products ultimately sold to California consumers in the last four years exceeds $5,000,000 in the aggregate.

## CLASS ACTION ALLEGATIONS

18    Plaintiff brings this action on behalf of themselves and all others similarly situated pursuant Federal Rule of Civil Procedure 23.

19    The class is defined and described as follows:

> All persons who, in California, since November 1, 2003, purchased dairy products that were produced by Aurora and contained, anywhere on the carton or container, the word "organic."
>
> Excluded from the proposed class are Aurora and its officers, directors, and employees, as well as employees of any of Aurora's subsidiaries, affiliates, successors or assignees. Also excluded are the immediate family members of the above persons. Also excluded is any trial judge who may preside over this case.

FIRST AMENDED CLASS ACTION COMPLAINT                                              4

20   The subclass for Count Four of this Complaint is defined as above, but limited to those persons who purchased such dairy products for personal, family or household uses.

21   The proposed class and the proposed subclass are so numerous and so geographically dispersed that the individual joinder of all absent class members is impracticable. While the exact number of absent class members is unknown to plaintiff at this time, plaintiff, upon information and belief, alleges that far in excess of one thousand persons fall within the proposed class and subclass definitions. The requirement of numerosity is therefore satisfied.

22   Common questions of law or fact exist as to all proposed class members and predominate over any questions which affect only individual members of the proposed class. These common questions of law or fact include:

    a.   Whether Aurora failed to provide a total feed ration that included pasture;

    b.   Whether Aurora entered non-organic dairy cows into organic dairy production before they completed one year of continuous organic management;

    c.   Whether Aurora labeled and represented dairy products as organically produced when such products were not produced and handled in accordance with the California Organic Products Act of 2003, as enacted in Calif. Health And Safety Code, §§110810 *et seq.* and Calif. Food And Agricultural Code, §§46000 *et seq.*

    d.   Whether Aurora labeled and represented dairy products as organically produced when such products were not produced and handled in accordance with the National Organic Program regulations

    e.   Whether Aurora failed to maintain adequate records under NOP regulations;

    f..   Whether plaintiffs and class members were damaged by paying premium organic prices for non-organic dairy products;

    g.   Whether Aurora's dairy products were organic;

    h.   Whether plaintiffs and class members are entitled to restitution, disgorgement and/or damages;

    i.   Whether Aurora's conduct rises to the level of willfulness so as to justify punitive damages;

j.    Whether an injunction in necessary in order to prevent Aurora from continuing to engage in illegal activity.

23    The claims of the plaintiff are typical of the claims of the class. Plaintiff purchased dairy products produced by Aurora that was labeled organic. Plaintiff paid a higher price for the "organic" dairy products than they would have for non-organic dairy products.

24    Plaintiff will fairly and adequately represent the interests of the members of the class. Plaintiff has no interest adverse to the interests of the members of the class. Plaintiff has retained competent attorneys who have experience in class action litigation.

25    A class action is a superior method for the fair and efficient adjudication of this controversy. The adjudication of a separate action by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class. Upon information and belief, Aurora's falsely labeled dairy products have been purchased by tens or hundreds of thousands, perhaps millions, of California residents and there is no practical alternative for the adjudication of this magnitude of claims other than by class action.

26    Questions of law or fact common to the members of the class predominate over any questions affecting only individual members. There is no special interest in the members of the class individually controlling the prosecution of separate actions; the damages sustained by individual class members is relatively small; and the expense and burden of individual litigation make it impossible for the class members individually to address the wrongs done to them.

27    Management of this lawsuit as a class action will not pose any unusual difficulties beyond those ordinarily confronted in complex civil litigation and other class actions. Evidence relating to Aurora's alleged violations will be applicable to all members of the class; and there are accepted means for notifying class members who purchased the milk in question.

# FIRST CAUSE OF ACTION
(Unfair Competition Law, California Bus. & Prof. Code Sections 17200, *et seq.*)
("Unlawful" Prong – Failures to Comply With the California Organic Products Act of 2003 and Other California Statutes)

28  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

29  Aurora placed into the stream of commerce and intended for ultimate sale to consumers dairy products labeled as – and represented to be – "organic," and such placement is and has been "unlawful" as meant by Cal. Bus. & Prof. Code §17200 *et seq.*, which prohibits unfair competition defined as any "unlawful, unfair or fraudulent business act or practice." Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair competition.

30  Aurora placed into the stream of commerce and intended for ultimate sale to consumers dairy products labeled as – and represented to be – "organic," and such placement is and has been contrary to numerous provisions of California law, including but not limited to the following provisions of the California Organic Products Act of 2003: Cal. Health And Safety Code, §§110820, 110890 and 110956, and Cal. Food and Agricultural Code, §§46002, 46014.2(b), 46020, 46028. In addition, Aurora's acts have been and are contrary to the provisions of Cal. Food and Agricultural Code, §§36061 and 36062.

31  Pursuant to Cal. Bus. & Prof. Code §17203, plaintiff seeks restitution and/or disgorgement for herself and all class members in such amounts as the Court deems appropriate to deter future violations of law or which are necessary to restore to plaintiff and the class any moneys obtained by means of unfair competition. Plaintiff further seeks injunctive relief to prevent continued or future violations of law by Aurora.

WHEREFORE, plaintiff prays for relief as set forth hereinafter.

## SECOND CAUSE OF ACTION
(Unfair Competition Law, California Bus. & Prof. Code Sections 17200, *et seq.*)
("Unlawful" Prong – Failures to Comply With the National Organic Program [Section 6517 of the Organic Foods Production Act of 1990 (7 U.S.C. Sec. 6501 *et seq.*) and Implementing Regulations]).

32   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

33   Aurora placed into the stream of commerce and intended for ultimate sale to consumers dairy products labeled as – and represented to be – "organic," and such placement is and has been "unlawful" as meant by Cal. Bus. & Prof. Code §17200 *et seq.*, which prohibits unfair competition defined as any "unlawful, unfair or fraudulent business act or practice." Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair competition.

34   Aurora placed into the stream of commerce and intended for ultimate sale to consumers dairy products labeled as – and represented to be – "organic," and such placement is and has been contrary to numerous provisions of Federal law, including but not limited to the following provisions of the National Organic Program (Section 6517 of the Organic Foods Production Act of 1990), 7 U.S.C. Sec. 6501 *et seq.*, and its implementing regulations: 7 USC §§ 6504, 6505, 6506, 6509(e)(2), 6509(f), and 6511, and 7 C.F.R. §§ 205.236(a)(2), 205.236(b)(1), 205.237(a), 205.238(a)(3), 205.239(a)(2), and 205.239(a)(3).

35   Pursuant to Cal. Bus. & Prof. Code §17203, plaintiff seeks restitution and/or disgorgement for herself and all class members in such amounts as the Court deems appropriate to deter future violations of law or which are necessary to restore to plaintiff and the class any moneys obtained by means of unfair competition. Plaintiff further seeks injunctive relief to prevent continued or future violations of law by Aurora.

WHEREFORE, plaintiff prays for relief as set forth hereinafter.

## THIRD CAUSE OF ACTION
**(Unfair Competition Law, California Bus. & Prof. Code Sections 17200, *et seq.*)**
**("Fraudulent and Deceptive" Prong)**

36  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

37  Aurora placed into the stream of commerce and intended for ultimate sale to consumers dairy products labeled as – and represented to be – "organic," and such placement is and has been "fraudulent" and "unfair, deceptive, untrue or misleading advertising" as meant by Cal. Bus. & Prof. Code §17200 *et seq.*, which prohibits unfair competition defined as any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Aurora's misrepresentations that its dairy products were "organic" were material. Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair competition.

38  Pursuant to Cal. Bus. & Prof. Code §17203, plaintiff seeks restitution and/or disgorgement for herself and all class members in such amounts as the Court deems appropriate to deter future violations of law or which are necessary to restore to plaintiff and the class any moneys obtained by means of unfair competition. Plaintiff further seeks injunctive relief to prevent continued or future violations of law by Aurora.

WHEREFORE, plaintiff prays for relief as set forth hereinafter.

## FOURTH CAUSE OF ACTION
**(Consumer Legal Remedies Act, Cal. Civil Code §1750 *et seq.*)**

39  Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40  On October 23, 2007, plaintiff sent by certified mail a letter to Aurora notifying it of its violations of Civ. Code §1770. In the letter, plaintiff demanded that Aurora correct, repair, replace or otherwise rectify the sales which violated this statute.

41  Aurora received the letter on October 26, 2007, more than 30 days prior to the filing of this amended complaint, but has yet to take any action to rectify its wrongdoing for plaintiff or the putative class.

FIRST AMENDED CLASS ACTION COMPLAINT                                                       9

42   Aurora's conduct in placing into the stream of commerce and intended for ultimate sale to consumers of dairy products labeled as – and represented to be – "organic" constitute acts which are "unfair methods of competition and unfair or deceptive acts or practices" as defined by Cal. Civ. Code §§1770(a)(5) and 1770(a)(7) of the California Consumer Legal Remedies Act.

43   Aurora has engaged and continues to engage in deceptive practices, unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code §§1750, *et seq.*, to the detriment of plaintiff and subclass members. Plaintiff and subclass members have suffered harm as a proximate result of the violations of law and wrongful conduct of the Aurora alleged herein.

44   On information and belief, Aurora's violations of law have been willful and of a nature such that punitive damages should be awarded to plaintiff and subclass members, as provided in Cal. Civil Code §1781(a)(4).

45   Plaintiff seeks injunctive and other equitable relief to halt Aurora's unlawful practices. Plaintiff further seeks actual, statutory and punitive damages, for herself and the class, resulting from Aurora's unlawful conduct, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
**(Breach of Implied Warranty, Cal. Comm. Code §2314 *et seq.*)**

46   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

47   Aurora is a merchant with respect to the sale of dairy products.

48   All of Aurora's sales of organic dairy products were accompanied by an implied warranty of merchantability. This warranty included:

    a. The warranty that the dairy products were adequately contained, packaged, and labeled; and

    b. The warranty that the dairy products conformed to the promises or affirmations of fact made on the container or label.

FIRST AMENDED CLASS ACTION COMPLAINT      10

49  Aurora breached these implied warranties by selling and labeling dairy products as organic when they were not organic. Aurora further breached the covenant of good faith and fair dealing by doing so.

50  As a result of Aurora's breach of warranty and of the covenant of good faith and fair dealing, plaintiff and the class have been damaged in an amount to be proved at trial.

WHEREFORE, plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

Plaintiff on behalf of herself and on behalf of the class and subclass members, prays for the following relief:

A. For an order certifying the proposed class and subclass and appointing plaintiff and her counsel to represent the class and subclass in this litigation;

B. For an order enjoining defendant from placing into the stream of commerce any dairy products labeled as "organic" (or which defendant knows or reasonably should know will be so labeled) that do not meet all standards and requirements of California and Federal law regarding labeling and sale of organic dairy products;

C. For an order requiring defendant to restore to plaintiff and all class members all amounts which may have been acquired by means of any practices found by this Court to be contrary to the provisions of the California Unfair Competition Law, Bus. & Prof. Code §§17200 *et seq.*;

D. For an order requiring defendant to disgorge to plaintiff and all class members all amounts which may have been acquired by means of any practices found by this Court to be contrary to the provisions of the California Unfair Competition Law, Bus. & Prof. Code §§17200 *et seq.*;

E.  For an award of actual, statutory and punitive damages as permitted by the Consumer Legal Remedies Act;

F.  For an award of damages as permitted by the California Commercial Code;

G.  For attorneys' fees pursuant to Cal. Civ. Proc. Code §1021.5 and Civ. Code §1780(d);

FIRST AMENDED CLASS ACTION COMPLAINT                                               11

H. For costs of suit; and

I. For such other relief as the Court deems proper.

### JURY TRIAL DEMANDED

For all Counts in this Complaint, Plaintiff seeks a jury trial for all appropriate issues.

Respectfully submitted,

Dated: December 17, 2007

_____
Robert M. Bramson

BRAMSON, PLUTZIK, MAHLER &
  BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

THE MILLS LAW FIRM

CENTER FOR SCIENCE IN THE PUBLIC INTEREST

Attorneys for Plaintiff