1  LATHAM & WATKINS LLP
   Viviann C. Stapp (Cal. Bar No. 233036)
2  505 Montgomery Street, Suite 2000
   San Francisco, California 94111-2562
3  Telephone: (415) 391-0600
   Facsimile: (415) 395-8095
4  Email: viviann.stapp@lw.com

5  Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
   Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
6  233 South Wacker Drive
   Suite 5800 Sears Tower
7  Chicago, Illinois 60606
   Telephone: (312) 876-7700
8  Facsimile: (312) 993-9767
   Email: mark.mester@lw.com
9         livia.kiser@lw.com

10 *Attorneys for Defendant*
   Aurora Dairy Corporation
11

12 **UNITED STATES DISTRICT COURT FOR THE**

13 **NORTHERN DISTRICT OF CALIFORNIA**

14 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 15  **BRENDA GALLARDO, on behalf of herself and all others similarly situated,** | **Case No. 3:07-cv-05331-MJJ** |
| 16 | |
| 17                                    **Plaintiff,** | **MOTION OF DEFENDANT AURORA ORGANIC DAIRY TO AMEND CASE MANAGEMENT SCHEDULE AND TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD UNTIL RESOLUTION OF COMPETING MOTIONS FOR TRANSFER AND CONSOLIDATION CURRENTLY PENDING BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND [PROPOSED] ORDER** |
| 18  **AURORA DAIRY CORPORATION, d/b/a AURORA ORGANIC DAIRY,** | |
| 19                                    **Defendant.** | |

Pursuant to Civ. L. R. 6-3 and 16-2, Defendant Aurora Dairy Corporation, d/b/a Aurora Organic Dairy ("Defendant" or "Aurora"), by and through its attorneys, submits the following as and for its Motion To Amend Case Management Schedule And To Extend Time To Answer Or Otherwise Plead Until Resolution Of Competing Motions For Transfer And Consolidation Currently Pending Before The Judicial Panel On Multidistrict Litigation ("Multidistrict Panel"):

## I. COMPETING MOTIONS FOR TRANSFER AND CONSOLIDATION ARE FILED BEFORE THE MULTIDISTRICT PANEL

This lawsuit is one of eleven class action suits filed against Aurora within the last three months. See Declaration of Livia M. Kiser ("Kiser Dec."), Ex. A (Schedule of Actions). Ten of those actions, including this action, are pending in six judicial districts before nine federal judges. One action is pending in a California state court. See id.

As the parties advised the Court on October 19, 2007, plaintiffs in one of the above-referenced suits filed a petition, pursuant to 28 U.S.C. § 1407 (2000), with the Multidistrict Panel to transfer and consolidate the pending lawsuits to the United States District Court for the District of Colorado for coordinated pretrial management. See Kiser Dec., Ex. B (Motion of Plaintiffs Freyre). On or around November 5, 2007, plaintiffs in another action filed a motion before the Multidistrict Panel, seeking to transfer the lawsuits to the United States District Court for the Eastern District of Missouri and opposing transfer to the District of Colorado. See id., Ex. C (Motion and Response of Plaintiffs Lloyd and Mothershead). In addition, plaintiffs in a separate case pending in the District of Colorado also filed a motion with the Multidistrict Panel supporting consolidation in the District of Colorado and opposing consolidation in the Eastern District of Missouri. See id., Ex. D (Still Plaintiffs' Consolidated Response). In response to the two competing motions for consolidation and transfer, Aurora filed a response with the Multidistrict Panel on November 13, 2007. See id., Ex. E (Opposition of Aurora Dairy Corporation). Aurora has indicated that if the Multidistrict Panel believes consolidation and transfer is appropriate, then the cases should be transferred to the District of Colorado. See id., Ex. E at 13.

1

Case No. 3:07-cv-05331-MJJ
DEF. AURORA ORGANIC DAIRY'S MOTION TO AMEND
CASE MGMT SCHEDULE AND TO EXTEND TIME TO ANSWER
OR OTHERWISE PLEAD AND [PROPOSED] ORDER

On December 13, 2007, the Multidistrict Panel scheduled oral arguments and a hearing regarding the competing motions for transfer and consolidation for January 30, 2008. See Kiser Dec., Ex. F (Notice of Hearing Schedule). It is anticipated that the Multidistrict Panel will rule upon these motions very soon thereafter.

## II.   THE PARTIES HAVE SEVERAL PENDING DEADLINES IN THIS CASE

On October 18, 2007, this Court entered a routine Case Management Schedule requiring the parties to, among other things: (1) meet and confer pursuant to Fed. R. Civ. P. 26(f) on or before January 8, 2008; (2) file a Fed. R. Civ. P. 26(f) Report, complete initial disclosures and file a Case Management Statement on or before January 22, 2008; and (3) attend the Initial Case Management Conference on January 29, 2008. See Dkt # 2 (Order Setting Initial Case Management Conference And ADR Deadlines). Subsequently, on November 19, 2007, this Court approved the parties' stipulation extending Aurora's pleading deadline to December 28, 2007. See Dkt # 9 (November 19, 2007 Stipulation and Order).

On December 13, 2007, Aurora contacted counsel for Plaintiff to discuss the deadlines in this matter and the way in which the parties might jointly seek to amend the Case Management Schedule and give Aurora an additional, limited extension of time in which to answer or otherwise plead, pending a decision by the Multidistrict Panel. See January 3, 2008 Kiser Dec., at ¶ 2. At that time, counsel for Plaintiff indicated he was undecided as to whether he would join a motion seeking to modify the schedule. See id. at ¶ 3. However, subsequent to entry of both of the Court's orders, on December 18, 2007, Plaintiff filed an Amended Complaint. See Dkt # 11 (First Am. Class Action Compl.). In the Amended Complaint, Plaintiff adds additional claims and counsel. See id. The filing of the First Amended Complaint extended Aurora's time to answer to January 3, 2008. See Fed. R. Civ. P. 15. Counsel for Plaintiff subsequently indicated on December 28, 2007 that while he would agree to postpone the Initial Case Management Conference for fourteen days, he would not agree to otherwise amend the Case Management Schedule. See Kiser Dec., at ¶ 5. Nor would he agree to Aurora seeking an additional, limited extension of time in which to answer or otherwise plead, necessitating this motion. See id.

2

Case No. 3:07-cv-05331-MJJ
DEF. AURORA ORGANIC DAIRY'S MOTION TO AMEND
CASE MGMT SCHEDULE AND TO EXTEND TIME TO ANSWER
OR OTHERWISE PLEAD AND [PROPOSED] ORDER

III. **THE RESOURCES OF THE PARTIES AND THE COURT WILL LIKELY BE WASTED UNLESS THE CURRENT DEADLINES ARE MODIFIED**

It makes little sense for this Court and the parties to spend considerable time, money and resources dealing with pre-trial matters that may become irrelevant if transfer is ordered by the Multidistrict Panel. See, e.g., Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360-62 (C.D. Cal. 1997) (discussed infra at p. 4). The parties face a number of near-term required actions and pending deadlines, including engaging in preliminary discovery, defining the scope of electronic and other discovery and otherwise engaging in pre-trial activities. Many of these issues, like the Case Management Conference and any pre-trial motion practice, implicate judicial resources. Further, all of these actions, and the resources expended to accomplish them, will be rendered moot or duplicative if the Multidistrict Panel determines that transfer and consolidation in another judicial district is appropriate.

Moreover, the fact that Plaintiff recently amended her Complaint weighs in favor of altering the Case Management Schedule in any event, as the parties must now prepare all requested material based upon the new Amended Complaint rather than the previously-filed Complaint.

As such, the majority of courts – including courts in this district – stay or suspend proceedings pending transfer decisions by the Multidistrict Panel. See e.g., Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); Lyman v. Asbestos Defendants, No. C 07-4240 SBA, 2007 U.S. DIST. LEXIS 78766, at *8-9 (N.D. Cal. Oct. 10, 2007) ("[A] stay will likely preserve judicial resources by preventing a duplication of proceedings before this Court and the [Multidistrict] court"); Hardin v. Merck & Co., No. C-07-007 SBA, 2007 U.S. DIST. LEXIS 29478, at *5 (N.D. Cal. April 4, 2007) ("Often, deference to the [Multidistrict Panel]…provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the [multidistrict] system."); Am. Seafood, Inc. v. Magnolia Processing, Inc., Nos. 92-1030; 92-1086, 1992 U.S. DIST. LEXIS 7374, at *5 (E.D. Pa. May 8, 1992); Arthur-Magna, Inc. v. Del-Val Financial Corp., No. 90-4378, 1991 U.S. DIST. LEXIS 1431, at *4-5 (D. N.J. Feb. 4, 1991). They do so even where, as here, the motions are contested. See Franklin v. Merck & Co., No. 06-cv-02164-WYD-BNB, 2007 WL 188264, at *3 (D. Colo. Jan. 24, 2007).

3

Case No. 3:07-cv-05331-MJJ
DEF. AURORA ORGANIC DAIRY'S MOTION TO AMEND
CASE MGMT SCHEDULE AND TO EXTEND TIME TO ANSWER
OR OTHERWISE PLEAD AND [PROPOSED] ORDER

In <u>Rivers</u>, the court explained the potential waste of judicial resources that could result from allowing a lawsuit to proceed pending disposition by the Multidistrict Panel:

> First, if this case is consolidated . . . and this Court is not assigned by the [Multidistrict] Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation . . . Therefore, there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the [Multidistrict] Panel decision.
>
> In addition, even if this Court denied [the] motion to stay, ruled upon more substantive motions, such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would not have been in vain.

<u>Rivers</u>, 980 F. Supp. at 1360–61.

In addition to wasting judicial resources and hindering judicial economy, requiring this case to proceed under the current schedule creates a risk of inconsistent decisions on potentially dispositive issues. <u>See</u> e.g., <u>Am. Seafood, Inc.</u>, 1992 U.S. DIST. LEXIS 7374, at *6 (granting stay in part because the court's rulings may conflict with decisions of other courts). In contrast, "little or no resources are expended during the pendency of" a temporary suspension of proceedings. <u>See</u> <u>Board of Tr. v. WorldCom, Inc.</u>, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002).

### IV. PLAINTIFF WILL SUFFER NO PREJUDICE IF THE COURT MODIFIES THE SCHEDULE

This case is in the very early stages of litigation. No substantive motions have been filed, nor have any substantive decisions been made. In fact, this is true for all of the cases filed against Aurora. <u>See</u> e.g., Kiser Dec., Ex. G (Stipulation Extending Time To Answer Or Otherwise Plead). Granting Aurora's motion will not delay the resolution of any pending matters in this or any other case. Even if Plaintiff were to experience any delay, such a delay would be minimal, given the limited time in which the proceedings would be suspended. <u>See</u> <u>Am. Seafood, Inc.</u>, 1992 U.S. DIST. LEXIS 7374, at *5 (noting that the plaintiffs would not be prejudiced because the proceedings would only be suspended until the Multidistrict Panel issued its decision).

4

Case No. 3:07-cv-05331-MJJ
DEF. AURORA ORGANIC DAIRY'S MOTION TO AMEND
CASE MGMT SCHEDULE AND TO EXTEND TIME TO ANSWER
OR OTHERWISE PLEAD AND [PROPOSED] ORDER

## V. IN THE ALTERNATIVE, AURORA RESPECTFULLY REQUESTS THAT THE COURT ALLOW AURORA'S ATTACHED ANSWER TO BE FILED INSTANTER

For the reasons stated above, Aurora respectfully requests that it be granted twenty (20) days after the decision by the Multidistrict Panel to answer or otherwise respond to Plaintiff's First Amended Complaint. If the Court declines to grant the foregoing extension, however, Aurora respectfully requests leave to file instanter the Answer attached hereto as Exhibit H. See Kiser Dec., Ex. H. Once the issue of transfer and consolidation is addressed by the Multidistrict Panel, Aurora will file before this Court or any other court to which this matter is transferred a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c).

Irrespective of whether the Court orders Aurora to file its Answer, Aurora respectfully requests that the Court amend the Case Management Schedule to reflect the schedule proposed in the attached order, or for a reasonable period of time after a decision by the Multidistrict Panel, as the Court deems appropriate.

## VI. CONCLUSION

For the reasons stated above, Aurora respectfully requests that all proceedings, including the Case Management Schedule, in this matter be stayed pending a decision by the Multidistrict Panel and that Aurora be granted twenty (20) days after the decision by the Multidistrict Panel to answer or otherwise respond to Plaintiff's First Amended Complaint.

Dated: January 3, 2008

Respectfully submitted,

LATHAM & WATKINS LLP
   Mark S. Mester (*pro hac vice*)
   Livia S. Kiser (*pro hac vice*)
   Viviann C. Stapp

By: /s/ _____
   Viviann C. Stapp
   Attorneys for Defendant
   Aurora Dairy Corporation

5

Case No. 3:07-cv-05331-MJJ
DEF. AURORA ORGANIC DAIRY'S MOTION TO AMEND
CASE MGMT SCHEDULE AND TO EXTEND TIME TO ANSWER
OR OTHERWISE PLEAD AND [PROPOSED] ORDER

**[PROPOSED] ORDER**

The Court having considered the Motion Of Defendant To Amend Case Management Schedule And To Extend Time To Answer Or Otherwise Plead Until Resolution Of Competing Motions For Transfer And Consolidation Currently Pending Before The Judicial Panel On Multidistrict Litigation, and good cause appearing, IT IS HEREBY ORDERED that the request is GRANTED.

Defendant will answer or otherwise plead in response to Plaintiff's Amended Complaint within twenty (20) days after the ruling by the Multidistrict Panel.

The Case Management Schedule entered on October 18, 2007 be amended to reflect the following schedule:

a. The parties meet and confer regarding the initial disclosures, early settlement, ADR process selection, and discovery plan within thirty (30) days of the decision of the Multidistrict Panel;

b. The parties file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference within thirty (30) days of the decision of the Multidistrict Panel;

c. The parties file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order regarding Contents of Joint Case Management Statement within fifty-four (54) days of the decision of the Multidistrict Panel; and

d. The Initial Case Management Conference be held within sixty-one (61) days of the decision of the Multidistrict Panel.

IT IS SO ORDERED.

DATED: _____

_____
Judge Martin J. Jenkins
United States District Judge

1 | **CERTIFICATE OF SERVICE**

2   I hereby certify that on this 3rd day of January, 2008, I electronically filed the foregoing

*MOTION OF DEFENDANT AURORA ORGANIC DAIRY TO AMEND CASE MANAGEMENT SCHEDULE AND TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD UNTIL RESOLUTION OF COMPETING MOTIONS FOR TRANSFER AND CONSOLIDATION CURRENTLY PENDING BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND [PROPOSED] ORDER*

*DECLARATION OF LIVIA M. KISER IN FURTHER SUPPORT OF MOTION OF DEFENDANT AURORA ORGANIC DAIRY TO AMEND CASE MANAGEMENT SCHEDULE AND TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD UNTIL RESOLUTION OF COMPETING MOTIONS FOR TRANSFER AND CONSOLIDATION CURRENTLY PENDING BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

with the Clerk of the Court using the *CM/ECF* system which will send notification of such filing to the following:

Robert M. Bramson, Cal. Bar No. 102006
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
rbramson@bramsonplutzik.com

Stephen Gardner (*pro hac vice*)
Katherine Campbell (*pro hac vice*)
CENTER FOR SCIENCE IN THE PUBLIC INTEREST
The Meadows Building
5646 Milton Street, Suite 211
Dallas, Texas 75206
Telephone: (214) 827-2774
Facsimile: (214) 827-2787
sgardner@cspinet.org
kcampbell@cspinet.org

I further certify that I caused the above-referenced document to be transmitted by electronic mail transmission to the interested parties at the appropriate electronic mail addresses as set forth below. I did not receive, within a reasonable time after the transmission, any electronic

1 | message or other indication that the transmission was unsuccessful:

2 |     Robert W. Mills, Cal. Bar No. 062154
    Harry Shulman, Cal. Bar No. 209908
3 |     THE MILLS LAW FIRM
    145 Marina Boulevard
4 |     San Rafael, CA 94901-4224
    Telephone: (415) 455-1326
5 |     Facsimile: (415) 455-1327
    hany@millslawfirm.com

7 | Executed on **January 3, 2008**, at San Francisco, California.

8 |     /s/
    Viviann C. Stapp, Attorney for Defendant
9 |     Email: viviann.stapp@lw.com

2