# EXHIBIT B

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DUPLICATE

|  |  |  |
| --- | --- | --- |
| | : | |
| | : | |
| In re Aurora Dairy Corporation | : | MDL No.: |
| Organic Milk Litigation | : | |
| | : | |
| | : | |

## MOTION OF PLAINTIFFS REBECCA AND FERNANDO FREYRE FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Rebecca and Fernando Freyre, individually and on behalf of all others

similarly situated, for the reasons set forth in the supporting memorandum,

respectfully move the Panel to transfer all related cases to the United States District

Court for the District of Colorado for coordination or consolidation pursuant to 28

U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation.  In support of this motion, Plaintiffs state as follows:

1.  This motion involves four cases recently filed in three different district courts:

- *Freyre v. Aurora Dairy Corporation*, Civil Action No. 1:07-cv-02183-EWN, pending in the District of Colorado before Judge Edward W. Nottingham;

- *Still v. Aurora Dairy Corporation*, Civil Action No. 1:07-cv-02188-WDM, pending in the District of Colorado before Judge Walker Miller;

- *Mothershead v. Aurora Dairy Corporation*, Civil Action No. 4:07-cv-01701-CAS, pending in the Eastern District of Missouri before Judge Charles Shaw;  and,

- *Fiallos v. Aurora Dairy Corporation*, Civil Action No. 1:07-22748-AJ, pending in the Southern District of Florida before Judge Adalberto Jordan.

A schedule of these actions is attached as Appendix A.

2.    All of these actions are brought on behalf of overlapping and in some cases identical putative plaintiff classes.

3.    All of the actions seek relief from similar, if not identical, alleged misconduct by the same defendant, Aurora Dairy Corporation ("Aurora').  The actions assert many of the same legal theories.   In each case, the district court will be asked to determine factual and legal issues arising out of a common course of conduct by Aurora.

4.    The locus of the alleged misconduct committed by Aurora occurred in

Colorado, where the corporation has its headquarters, most of its employees, and its largest facility.

5. All cases are in the early stages of litigation. No discovery has occurred and no initial disclosures have been made.

6. No substantive rulings on motions to dismiss, motions for summary judgment, class certification or other pretrial matters have been made in any of these cases.

7. If the above listed actions are not transferred to a single forum, much of the discovery in the multiple courts will be duplicative and wasteful of judicial resources. Further, there is a substantial risk of inconsistent pre-trial rulings.

8. Under the circumstances, early transfer and coordination or consolidation of pretrial proceedings will promote the convenience of the parties and witnesses and the just and efficient conduct of the action. The result will be a significant saving of time and expense, development of a consistent law of the case, and the fair and economical adjudication of the actions.

9. The District of Colorado is best suited to serve as the transferee court. Among other factors: (a) Aurora is headquartered in Colorado and most, if not all, of the alleged misconduct occurred in Colorado; (b) the overwhelming bulk of the discovery will take place in Colorado, where most of the witnesses and documents

3

are located; (c) Denver is conveniently located for counsel and other participants in

the litigation; and (d) two of the four pending cases were filed in the District of

Colorado.

WHEREFORE, Plaintiffs Rebecca and Fernando Freyre, on behalf of

themselves and all others similarly situated, respectfully request transfer of all

actions against Aurora pertaining to its marketing of organic milk to the District of

Colorado.

Dated:  October 19, 2007

                                        DOFFMEYRE SHIELDS CANFIELD
                                        KNOWLES & DEVINE, L.L.C.


                                        Kenneth S. Canfield
                                        Ralph I. Knowles
                                        Martha J. Fessenden
                                        Kimberly J. Johnson
                                        1355 Peachtree Street, Suite 1600
                                        Atlanta, Georgia
                                        404.881.8900
                                        kcanfield@dsckd.com
                                        rknowles@dsckd.com
                                        mfessenden@dsckd.com
                                        kjohnson@dsckd.com

HADDON, MORGAN, MUELLER,
JORDAN, MACKEY & FOREMAN, P.C.
Harold A. Haddon
Saskia A. Jordan
Suzanna Wasito Tiftickjian
150 East Tenth Avenue
Denver, Colorado  80203
303.831.7364
hhaddon@hmflaw.com
sjordan@hmflaw.com
stiftickjian@hmflaw.com


WATSON, JIMMERSON, MARTIN,
MCKINNEY, GRAFFEO & HELMS, P.C.
Herman Watson, Jr.
Rebekah K. McKinney
Eric J. Artip
203 Greene St.
P.O. Box 18368
Huntsville, AL 35804
(256) 536-7423
watson@watsonjimmerson.com
mckinney@watsonjimmerson.com
artrip@watsonjimmerson.com


Attorneys for Rebecca and Fernando Freyre

# Appendix A

### to

**Motion of Plaintiffs Rebecca and Fernando Freyre
for Transfer and Coordination or Consolidation
Under 28 U.S.C. § 1407**

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| In re Aurora Dairy Corporation<br>Organic Milk Litigation |     MDL No.: |

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Rebecca and Fernando Freyre, on behalf of themselves and all others similarly situated<br><br>**Defendant:**<br>Aurora Dairy Corporation | E.D. Colorado | 1:07-CV-02183-EWN | Hon. Edward Willis Nottingham, Jr |

1 OF 2

| | | | |
|---|---|---|---|
| **Plaintiffs:** Mona Still, Helen Phillips, Eve Hana, Jeanmarie Zirger, Kim King, Noelle Fincham, Oksana Jensen, Gabriela Waschewsky, Laurelanne Davis, Debbie Millikan, Joan Sheutz, Sandie Regan, Steve Shriver, Mary Elbertai, Eileen Ptak, Cynthia Roche-Cotter, Kristen Finnegan, Amy Forsman, Joy Beckner, Naomi Mardock, Olive Knaus, Liana Hoodes, Donita Robinson, Ilene Rachford, Lisa Hopkins, Caryn Poirier, Erin Diserens, Tammy Coselli, Debra Haines, Debra Schmidt, and Hans Kueck  **Defendant:** Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | E.D. Colorado | 1:07-CV-02188-WDM | Hon. Walker David Miller |
| **Plaintiffs:** Kristine Mothershead and Leonie Lloyd, Individually and on behalf of all others similarly situated  **Defendant:** Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | E.D. Missouri, Eastern Div. | 4:07-CV-01701-CAS | Hon. Charles Alexander Shaw |
| **Plaintiffs:** Maya Fiallos, Individually and on behalf of all other similarly situated  **Defendant:** Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | S.D. Florida, Southern Div. | 1:07-CV-22748-AJ | Hon. Adalberto Jose Jordan |



BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  | : |  |
|--|---|--|
|  | : |  |
| In re Aurora Dairy Corporation | : | MDL No.: |
| Organic Milk Litigation | : |  |
|  | : |  |
|  | : |  |

**BRIEF IN SUPPORT OF THE**
**MOTION OF PLAINTIFFS REBECCA AND FERNANDO**
**FREYRE FOR TRANSFER AND COORDINATION**
**OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

Plaintiffs Rebecca and Fernando Freyre submit this brief in support of their

motion to transfer to the District of Colorado all cases pertaining to the sale of

organic milk by Aurora Dairy Corporation.   Currently, there are four such cases

pending in three federal district courts, all of which have been filed in the last

month.  Each of the actions asserts claims arising from the same course of alleged

misconduct and seeks certification of a national class of the same consumers.  To

date, no discovery has occurred and no substantive rulings have been made.

Without coordinated proceedings, there is a very real danger of inconsistent determinations regarding class action certification and other pre-trial rulings. Coordination is also necessary to avoid duplicative, burdensome and unnecessary discovery. Accordingly, this is an appropriate situation for transfer pursuant to 28 U.S.C. § 1407.

## FACTUAL STATEMENT

Aurora Dairy Corporation ("Aurora") is one of the nation's largest producers of private label "organic" milk that is sold through retail outlets such as Costco, Wal-Mart, Safeway, Target and other chains. Organic milk, which is attractive to health conscious consumers and sells at a significant premium, differs from conventional milk in the way in which it is produced and handled. To establish uniform national standards governing organic products, Congress enacted the Organic Foods Production Act in 1990, and, pursuant to the Act, the United States Department of Agriculture has issued specific regulations that must be met before a product can be labeled "organic."

Within the last few weeks, four class actions have been filed in three different federal district courts asserting that Aurora has for several years sold milk labeled as organic that, in fact, did not meet organic standards. The four actions are:

- *Freyre v. Aurora Dairy Corporation*, Civil Action No. 1:07-cv-02183-EWN, pending in the District of Colorado before Judge Edward W.

Nottingham;

- *Still v. Aurora Dairy Corporation,* Civil Action No. 1:07-cv-02188-WDM, pending in the District of Colorado before Judge Walker Miller;

- *Mothershead v. Aurora Dairy Corporation,* Civil Action No. 4:07-cv-01701-CAS, pending in the Eastern District of Missouri before Judge Charles Shaw;  and,

- *Fiallos v. Aurora Dairy Corporation,* Civil Action No. 1:07-22748-AJ, pending in the Southern District of Florida before Judge Adalberto Jordan.

Based upon a comparison of the complaints, it is apparent that the cases are

substantial similar and assert claims that are virtually identical.

Each of the cases names Aurora as the sole defendant.  Each is filed on

behalf of a nationwide class of consumers who bought milk produced by Aurora

that did not meet organic standards.  Each involves the same course of alleged

misconduct by Aurora and asserts that its milk failed to meet federal requirements

for the same reasons.  And each is based upon essentially the same legal theories --

including breach of contract, unjust enrichment, and violation of state consumer

protection acts -- and seeks to recover essentially the same relief.   The only real

differences pertain to additional claims that are asserted in some of the cases but

not others and the extent to which the complaints seek relief on behalf of various

state specific subclasses.

## ARGUMENT

### I.    TRANSFER IS APPROPRIATE UNDER 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407(a): "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated proceedings." The Panel may order transfer upon its determination that a transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* As the Panel has noted, the purpose for transfer is to provide centralized management, under a single court's supervision, of pretrial proceedings arising in various districts. *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 50 (2d Cir. 1978). Transfer makes particular sense where consolidation will avoid redundant discovery, eliminate the risk of repetitive and inconsistent pretrial rulings, conserve judicial resources, and save costs, time and effort for the parties, attorneys, and witnesses. *See Manual for Complex Litigation, Fourth* § 20.131 (2004). As few as two cases may warrant multidistrict treatment. *Id.; In re First Nat'l Bank*, 451 F. Supp. 995, 997 (J.P.M.L. 1978).

Applying these factors to the circumstances involved here, it is clear that transfer under 28 U.S.C. § 1407 is appropriate and should be ordered.

## A.    There are Common Questions of Fact

The litmus test for transfer under 28 U.S.C. § 1407 is the presence of common questions of fact. *See In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979).   Here, it cannot be seriously disputed that there are questions of fact common to the four cases at issue since each of the cases alleges that Aurora engaged in the same course of alleged misconduct involving the same products that were bought by the same plaintiffs.  Among the specific issues common to all cases include whether Aurora followed organic principles in producing its milk, whether Aurora complied with the requirements of federal law, whether Aurora represented that its milk was organic, whether Aurora falsely labeled its products, whether Aurora breached its contracts with retailers and consumers by selling milk that did not meet organic standards, and whether plaintiffs were damaged by Aurora's conduct.

## B.    Transfer will Eliminate the Potential for Inconsistent Rulings

Unless the four cases pending against Aurora are transferred to a single forum, judges in three different districts will be confronted with many of the same issues.  Absent transfer, there is no assurance that these issues will be decided in the same manner, leading to the potential for inconsistent rulings both on substantive matters and case management.  Elimination of the dangers of inconsistent pre-trial rulings is a strong factor in favor of consolidation.  *See In re*

*First Nat'l Bank, Hanover, Oklahoma Sec. Litig.,* 451 F. Supp. 995, 997 (J.P.M.L. 1978).

Multidistrict transfer to avoid inconsistent pre-trial rulings is particularly important where, as here, multiple class actions have been filed on behalf of identical and overlapping classes. *See, e.g., In re Plumbing Fixtures,* 358 F. Supp. 242, 244 (J.P.M.L. 1970) (the "potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district"); *Manual on Complex Litigation, Fourth* § 20.311 at 231 (The need for consolidation "is especially acute where overlapping or multiple identical class actions are filed in more than one court."); *see generally id.,* § 21.15.  As this Panel has stated:

> We have consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, when the possibility of inconsistent class determination exists … .  Here, all but one of the actions contain Rule 23 class allegations, some of which overlap or duplicate each other, and, therefore, the need for Section 1407 treatment is apparent.

*In re Sugar Indus. Antitrust Litig.,* 395 F. Supp. 1271, 1273 (J.P.M.L. 1975).

In this case, the dangers of inconsistent rulings are even stronger because each of the cases at issue has asserted essentially the same claims on behalf of essentially the same national class.  There simply is no good reason for more than one judge to make the same rulings when multidistrict transfer is available.  *See, e.g., In re Bristol Bay, Salmon Fishery Antitrust Litig.,* 424 F. Supp. 504, 506

6

(J.P.M.L. 1976); *In re Litig. Arising from Termination of Retirement Plan for Employees of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L 1978); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974).

### C.    Transfer will Allow Avoidance of Redundant Discovery

In this litigation, wherever it is conducted, extensive discovery will be required regarding Aurora's conduct, the production and marketing of its "organic" milk, its compliance with federal regulations, the activities of federal and state regulatory agencies pertaining to Aurora's business, and many other factual issues common to all of the pending cases. Discovery will include the taking of numerous depositions of fact and expert witnesses and the production of voluminous documents. Absent transfer of these cases actions to a single district, discovery will of necessity be duplicative.

Consolidation will allow the parties to avoid deposing the same witnesses repetitively on the same matters and facilitate the orderly and efficient obtaining, analyzing, and storing of the myriad documents that will be produced. Also, a single document depository can be created under the supervision of the transferee court. The resulting savings in convenience, time and money is another strong factor in favor of transfer. *See, e.g., In re Cenco Inc. Sec. Litig.*, 434 F. Supp 1237, 1239 (J.P.M.L. 1977) (transfer ordered to "ensure the prevention of duplicative

discovery"); *In re Swine Flu Immunization Prod. Liab. Litig.*, 446 F. Supp. 244,

247 (J.P.M.L. 1978); *In re A. H. Robins Co. "Dalkon Shield" IUD Prod. Liab.

Litig.,* 406 F. Supp. 540, 542 (J.P.M.L. 1975).

### D.    Transfer will Conserve Judicial Resources, Reduce Costs, and Save Time and Effort

Consolidation of these cases in a single forum would obviously conserve

judicial resources, allowing one judge rather than three or four to manage the

litigation and decide such time intensive issues as class certification and summary

judgment.  Consolidation would also reduce costs, time and effort for the parties

and their attorneys by eliminating such matters as duplicative discovery, redundant

depositions of the same witnesses, repeated production of the same documents,

repetitive briefing of the same legal and factual issues, and multiple (and

consequently potentially inconsistent and confusing) notices to the same absent

class members.  The potential savings of fees and expenses to the parties resulting

from consolidation could easily run into the millions of dollars.  Consolidation,

moreover, would clearly be in the best interests of the witnesses, including those

who are employed by Aurora, government regulators, and retailers who bought

milk from Aurora for sale to plaintiffs.

The benefits of consolidation for the courts, parties, and witnesses are

particularly apparent here because formal discovery has not yet commenced in any

of the cases and no rulings have yet been issued on the common factual or legal

issues involved. And because all of the actions have just been filed, coordination will not slow the proceedings, but instead will help speed resolution of the controversy. *See In re Int'l House of Pancakes Franchise Litig.,* 374 F. Supp. 1406, 1407 (J.P.M.L. 1974).

## II.    THE DISTRICT OF COLORADO IS AN APPROPRIATE TRANSFEREE FORUM

Actions generally are transferred to a district where one or more actions are pending. *See In re A.H. Robins Co. "Dalkon Shield" Liab. Litig.,* 406 F. Supp. 540, 542 (J.P.M.L. 1975). Among the other factors considered by the Panel include the number of cases pending in the proposed forum, the accessibility of the forum, the convenience of the parties and witnesses, the relative progress to date in the various actions, the respective caseloads of the proposed transferee courts, and the location of the parties, witnesses and documents. *See, e.g,* 15 C.Wright, A.Miller & E.Cooper, *Federal Practice and Procedure,* §3864 ($3^d$ ed. 2007).

The District of Colorado satisfies the Panel's criteria and, indeed is the most appropriate transferee forum for several reasons. First, two of the four cases at issue are pending in Colorado. Second, Colorado is the locus of the controversy. Aurora is headquartered in the state and has its largest facilities there; as a result, most, if not all, of the alleged misconduct at issue occurred in Colorado. *See In re Amer. Cont. Corp. Sec. Litig.,* 130 F.R.D. 475, 476 (J.P.M.L. 1990) (transferee forum selected in part on fact that defendant was headquartered there). Third, the

9

overwhelming bulk of the witnesses likely reside in Colorado, including not only

Aurora's employees but also the responsible government regulators.  Fourth, most

of the documents that will be produced in discovery likely are located in Colorado.

Fifth, Denver is conveniently located and well-served by several national air

carriers, making it easy for lawyers and others to attend the proceedings.  And,

finally, the status of the civil docket in the District of Colorado is favorable.[1]

<h2 align="center">CONCLUSION</h2>

For the reasons set forth in this brief, plaintiffs request that their motion for

transfer pursuant to 28 U.S.C. § 1407 be granted and that the cases identified in the

motion be consolidated in the District of Colorado.

Dated:  October 19, 2007

DOFFMEYRE SHIELDS CANFIELD
KNOWLES & DEVINE, L.L.C.

Kenneth S. Canfield
Ralph I. Knowles
Martha J. Fessenden
Kimberly J. Johnson
1355 Peachtree Street, Suite 1600
Atlanta, Georgia
404.881.8900
kcanfield@dsckd.com

---

[1] The most recently published Federal Court Management Statistics show that the number of pending cases per judge in the District of Colorado was 370 in 2006.  The national average was 456 cases per judge.

10

rknowles@dsckd.com
mfessenden@dsckd.com
kjohnson@dsckd.com


HADDON, MORGAN, MUELLER,
JORDAN, MACKEY & FOREMAN, P.C.
Harold A. Haddon
Saskia A. Jordan
Suzanna Wasito Tiftickjian
150 East Tenth Avenue
Denver, Colorado   80203
303.831.7364
hhaddon@hmflaw.com
sjordan@hmflaw.com
stiftickjian@hmflaw.com


WATSON, JIMMERSON, MARTIN,
MCKINNEY, GRAFFEO & HELMS, P.C.
Herman Watson, Jr.
Rebekah K. McKinney
Eric J. Artip
203 Greene St.
P.O. Box 18368
Huntsville, AL 35804
(256) 536-7423
watson@watsonjimmerson.com
mckinney@watsonjimmerson.com
artrip@watsonjimmerson.com


Attorneys for Rebecca and Fernando Freyre

11