# EXHIBIT C

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Aurora Dairy Corporation<br>Organic Milk Marketing and Sales Practice<br>Litigation | MDL No.: 1907 |

**PLAINTIFFS LEONIE LLOYD AND KRISTINE MOTHERSHEAD'S CONSOLIDATED MOTION FOR TRANSFER TO THE EASTERN DISTRICT OF MISSOURI AND RESPONSE TO MOTION OF PLAINTIFFS REBECCA AND FERNANDO FREYRE FOR TRANSFER AND COORDINATION OR CONSOLIDATION**

Kristine Mothershead and Leonie Lloyd, individually and on behalf of all others similarly situated, for the reasons set forth in their supporting brief and asserted herein, ask this Panel to transfer all related cases to United States District Court for the Eastern District of Missouri for consolidation or coordination pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. In support of this motion, Plaintiffs state as follows:

1

1. Plaintiffs Rebecca and Fernando Freyre previously filed a motion before the Panel seeking consolidation of four cases against Aurora Dairy Corporation pertaining to the sale of organic milk.

2. The actions that are before the Panel, as well as other actions that are arising throughout the country, are substantially similar.

3. Plaintiffs Mothershead and Lloyd agree with Plaintiffs Rebecca and Fernando Freyre that consolidation is desirable and appropriate.

4. Plaintiffs Mothershead and Lloyd file this affirmative motion for transfer to the Eastern District of Missouri because it is the most appropriate forum for consolidation.

5. There is no locus of activity in this case that would justify transferring the case to the state of Defendant's headquarters because the alleged illegal activities and the evidence and individuals relevant to those allegations are scattered throughout the nation.

6. Defendant is headquartered in Colorado, has ranches in Texas, shipped and receives cows to and from Missouri for milk production, is incorporated in Delaware, was initially investigated by an organization in Wisconsin, was censored by the U.S.D.A., headquartered in Washington D.C., and was certified by an organization with offices in San Diego, California and South Burlington, Virginia.

7. Named plaintiffs reside in places as diverse as Hawaii and Missouri, and class members reside in all fifty states.

8. Two lead law firms in this matter are headquartered in St. Louis with other firms located in Miami, the San Francisco Bay Area, New York City, and Atlanta.

9. The most appropriate transferee court is one that is central, convenient, logically and factually related to this matter, has a history of efficiency, and has a pending action in which there is a judge with proven MDL experience.

10. The Eastern District of Missouri satisfies these requirements.

11. The Eastern District of Missouri, as discussed in the supporting memorandum, is centrally located, has a relatively light caseload, a history of disposing of cases rapidly, is convenient in terms of transportation and lodging, and has a number of factual and practical connections to this litigation.

WHEREFORE, Plaintiffs Kristine Mothershead and Leonie Lloyd, on behalf of themselves and all others similarly situated, respectfully request transfer of all actions against Aurora pertaining to its sales of organic milk to the Eastern District of Missouri.

**Simon Passanante, P.C.**

By: _____
John G. Simon
Erich V. Vieth
John E. Campbell
701 Market Street, Ste. 1450
St. Louis, MO 63101
(314) 241-2929
(314) 241-2029
jsimon@simonpassanante.com

3

evieth@simonpassanante.com
jcampbell@simonpassanante.com

4

## SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Rebecca and Fernando Freyre on behalf of themselves and all others similarly situated<br><br>**Defendant:**<br>Aurora Dairy Corporation | E.D. Colorado | 1:07-CV-02183-EWN | Hon. Edward Willis Nottingham, Jr. |
| **Plaintiffs:**<br>Mona Still, Helen Phillips, Eve Hana, Jeanmarie Zirger, Kim King, Noelle Fincham, Oksana Jensen, Gabriela Waschewsky, Laurelanne Davis, Debbie Millikan, Joan Sheutz, Sandie Regan, Steve Shriver, Mary Elbertai, Eileen Ptak, Cynthia Roche-Cotter, Kristen Finnegan, Amy Forsman, Joy Beckner, Naomi Mardock, Olive Knaus, Liana Hoodes, Donita Robinson, Ilene Rachford, Lisa Hopkins, Caryn Poirier, Erin Diserens, Tammy Coselli, Debra Haines, Debra Schmidt, and Hans Kueck<br><br>**Defendant:**<br>Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | E.D. Colorado | 1:07-CV-02188-WDM | Hon. Walker David Miller |
| **Plaintiffs:**<br>Kristine Mothershead and Leonie Lloyd, Individually and on behalf of all others similarly situated<br><br>**Defendant:**<br>Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | E.D. Missouri Eastern Division | 4:07-CV-01701-CAS | Hon. Charles Alexander Shaw |
| **Plaintiffs:**<br>Maya Fiallos, Individually and on behalf of all others similarly situated<br><br>**Defendant:**<br>Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | S.D. Florida, Southern Division | 1:07-CV-22748-AJ | Hon. Adalberto Jose Jordan |

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: Aurora Dairy Corporation<br>Organic Milk Marketing and Sales Practice<br>Litigation | MDL No.: 1907 |

**BRIEF IN SUPPORT PLAINTIFFS LEONIE LLOYD AND KRISTINE
MOTHERSHEAD'S CONSOLIDATED MOTION FOR TRANSFER TO THE EASTERN
DISTRICT OF MISSOURI AND RESPONSE TO MOTION OF PLAINTIFFS REBECCA
AND FERNANDO FREYRE FOR TRANSFER AND COORDINATION OR
CONSOLIDATION**

In support of their motion for transfer of all cases pertaining to Aurora Dairy

Corporation's sale of organic milk to the Eastern District of Missouri, Plaintiffs Lloyd and

Mothershead submit this brief.

**I. INTRODUCTION**

Currently, there are five cases in the country in which Aurora Dairy Corporation

(hereinafter "Aurora") is accused of selling milk that was purported to be organic when in fact it

1

was not. The first was filed on behalf of Ms. Lloyd and Ms. Mothershead in the Eastern District of Missouri. Subsequent filings have occurred in Colorado, Florida, and California. A previous motion, filed by Rebecca and Fernando Freyre, seeks consolidation of these actions in the District of Colorado.

Plaintiffs Lloyd and Mothershead agree that these actions should to be consolidated, but respectfully submit that the a more appropriate transferee district is the Eastern District of Missouri. Numerous factors favor the choice of the Eastern District of Missouri as the appropriate transferee court:

1. The first class action case filed against Aurora, *Lloyd v. Aurora,* was filed in the Eastern District of Missouri in St. Louis;

2. Hon. Charles Shaw, to whom the Eastern District of Missouri case was assigned, is a widely respected jurist who has a track record of handling complex cases efficiently and also has experience handling MDLs. Judge Shaw recently oversaw In Re Charter Communications, a case consisting of 14 class actions. The cases were consolidated in March, 2003, and were disposed of by July, 2005.

3. The Eastern District of Missouri has a case per judge ratio that is approximately 311. This is lower than Colorado by about 60 cases per judge, and well below the national average.

4. The Eastern District of Missouri, in civil cases in 2006, averaged only 7.4 months from "filing to disposition" and 21.5 months from "filing to trial." The alternative proposed forum in this matter, Colorado, averaged 8.8 months and 32 months respectively.

5. Two of the principal law firms involved in the litigation are based in St. Louis;

6. St. Louis is geographically central;

2

7. Three of the named plaintiffs are from Missouri;

8. St. Louis has a major airport that is widely regarded as convenient and not prone to delays due to ice or snow and accommodations in the St. Louis area are reasonably priced and readily available;

9. Much of the alleged fraudulent activity involving improper handling of cows occurred at Promiseland Livestock in Falcon, Missouri;

10. There is no venue in this litigation with a clear and pronounced nexus to the case justifying a presumption of consolidation to such a location; rather, the events at issue occurred in multiple places and in multiple districts, thus weighing in favor of consolidation in a location that is central, factually connected, convenient and likely to promote efficient resolution.

## II. FACTUAL STATEMENT

Aurora produces "organic" milk for national stores including Wal-Mart, Safeway, Target, Costco, Publix. The milk is usually sold under the stores' independent labels. Plaintiffs in multiple cases have asserted that Aurora failed to comply with laws regulating the production and labeling of organic milk as set out in the Organic Foods Production Act of 1990 (OFPA), as amended (7 U.S.C. 6501 et seq.), and the regulations thereunder (7 CPR 205). Each of plaintiffs' cases provide that Aurora violated the law by failing to provide cows access to pasture, failing to ensure that cows were not exposed to non-organic food sources, failing to maintain adequate records, and by shipping cows to non-organic farms and then returning them to the heard. Plaintiffs in each case have further alleged that they paid inflated prices for Aurora's purported "organic" milk. The factual allegations reveal an evidence trail that stretches across the United States.

3

Aurora has farms in both Colorado and Texas. It shipped cows to dairies in various states, including Missouri. Aurora is incorporated in Delaware. The investigation was carried out by the U.S.D.A., headquartered in Washington D.C. The certifier who is alleged to have looked the other way while Aurora broke the law is from California. The non-profit group which conducted investigations of Aurora and who first reported the activities is based in Wisconsin. The retailers through whom the milk at issue was sold are scattered across the country. The plaintiffs in the various cases are from at least 30 states as diverse as Hawaii and New York.

Thus, many states have ties to this litigation. The first case (*Mothershead v. Aurora*) was filed in St. Louis, Missouri, by a St. Louis law firm. The second case was filed in Colorado by an Atlanta firm. The third case was filed in Colorado by a St. Louis firm. The fourth was filed in Miami by a Florida firm, and although counsel is not involved in other cases that have been subsequently filed, it appears that additional cases in New York, California and perhaps other states are likely. Similarl, Aurora's corporate counsel for its business operations is Reed Smith, a firm with offices in at least 10 states. They are likely to be involved in this case as well.

By virtue of one of the cases pending in Colorado (*Freyre v. Aurora*), assigned to Judge Edward Nottingham, the Freyre plaintiffs seek transfer of all pending cases against Aurora to Colorado. In this brief, however, plaintiffs Lloyd and Mothershead respectfully submit that the Eastern District of Missouri would constitute a more appropriate and convenient forum for the transfer of these actions pursuant to 28 U.S.C. § 1407.

### III. THE EASTERN DISTRICT OF MISSOURI IS THE APPROPRIATE TRANSFEREE FORUM

Actions are generally transferred to a district court in which one or more actions are pending. In deciding where to transfer the case, the Panel considers a number of factors, including:

1. The accessibility of the forum and the convenience of parties and witnesses;
2. The relative progress to date in the various actions;
3. The number of cases pending in the proposed forum;
4. The respective caseload of the proposed transferee court; and
5. The location of the parties, witnesses, and documents.

When weighed in totality, the factors above make St. Louis the most appropriate forum.

### A. The Accessibility Of The Forum And The Convenience Of The Parties And Witnesses

The witnesses and the attorneys involved in these cases are geographically dispersed throughout the nation. While Aurora may be headquartered in Colorado, as set forth above, the facts and circumstances of this case, in actuality, will involve witnesses and documents scattered across the entire country. Therefore, a central location makes the most sense when considering accessibility and convenience.

From a practical and convenience viewpoint, St. Louis makes eminent sense. It is almost dead center in the country and has major international airport that is rarely closed due to weather or natural disasters. Several of the law firms involved in the matter have their principal offices in the city. Specifically, because it will be attorneys who travel most to court, St. Louis is significantly closer to the attorneys in Georgia, Florida, St. Louis and Chicago than Denver. Further, even for the attorneys in California, St. Louis is a reasonable flight.

Comparatively, St. Louis is more convenient than Denver. Lambert International in St. Louis is widely known as a convenient, easy to navigate airport that provides a number of daily flights to all major cities in the country, while avoiding the immense traffic that many airports, including Denver International (ranked the tenth busiest in the world in 2006) deal with on a daily basis. Similarly, St. Louis enjoys a mild climate that results in very few airport delays or closures. St. Louis receives less than a 1/3 the annual snowfall that Denver does and is not prone to heavy snows or extended closures of airports or streets. By contrast, as anyone who watched the news last Christmas may recall, Denver can receive huge amounts of snow, resulting in multiple days of airport closings and delays. Additionally, St. Louis' airport is connected to downtown by light rail and is less than fifteen miles from the newly constructed federal courthouse.

In both terms of accessibility and convenience, the Eastern District of Missouri is superior to the District of Colorado.

### B. The Relative Progress To Date In The Various Actions

All pending actions are in their initial phases; however, the St. Louis case was filed two weeks prior to any other action. This, coupled with the relatively low case per judge ratio in the Eastern District of Missouri, weighs in favor of sending the action to Missouri.

### C. The Number of Cases Pending in the Proposed Forum

Two cases are pending in Colorado, one in California, one in Florida and one in Missouri.

### D. The Respective Caseload of the Transferee Court

The Eastern District of Missouri has a caseload of approximately 311 cases per judge, while the District of Colorado has 370. Additionally, the Eastern District of Missouri has just four MDLs pending.

Judge Shaw, to whom the Missouri case has been assigned, is not currently handling any MDLs. He is, moreover, a jurist widely respected within the bar and by both plaintiffs and defendants. He has successfully handled a class action MDL proceeding in the past and has recognized competence in moving cases efficiently and expeditiously – characteristics that will be valuable in addressing this nationwide consumer class case.

### E. The Location of the Parties, Witnesses, and Documents

The location of parties, witnesses and documents does not delineate a clear location for this litigation, but it does weigh in favor of a central location. Aurora is incorporated in Delaware, does business throughout the country, has farms in Colorado and Texas, and has shipped its cows to farms in Missouri and other states. The plaintiffs are from Hawaii, Illinois, Missouri, Florida, California, New York, Texas, as well as most other states. The main organic certifier of Aurora's operations, called Quality Assurance International, has its corporate office in San Diego and another office in South Burlington, Virginia. Accordingly, the witnesses and documents in this litigation will necessarily be scattered across the country. Some witnesses will be employed by the defendant in Colorado. Others will work for Promiseland Livestock, located in Missouri. Still others will be employees of the non-profit dairy group, Cornucopia, located in Wisconsin and others will be with Quality Assurance International in San Diego or in Virginia.

Other third parties and their evidence is similarly scattered. The retailing of Aurora's milk was carried out by major companies which will almost certainly be asked to provide records

7

to identify class members as well as other evidence which will help establish Aurora's methods of production, marketing and distribution. Wal-Mart is headquartered in Bentonville, Arkansas. CostCo is headquartered in Issaquah, Washington. Target is headquartered in Minneapolis, Minnesota. Publix is headquartered in Lakeland, Florida, and Safeway is headquartered in Pleasanton, California. The investigation of Aurora was carried out by the U.S.D.A. in Washington, D.C. and the criticism which lead to the investigations was issued by Cornucopia, an organic dairy organization located in Wisconsin.

Thus, notwithstanding the corporate offices of Aurora being in Colorado, this MDL will – beyond any reasonable question – involve discovery and witnesses from multiple venues, all of which cut against relying on corporate headquarters as a determinative factor in determining the most appropriate transferee court.

Moreover, the dispersed nature of this case is illustrated by the spread and locations of the law firms involved to date. The first to firm to file (Simon Passanante, P.C.) as well as another early filing firm (Gray & Ritter) are both headquartered in St. Louis. Other firms are in San Francisco, Atlanta and Miami. Based on the filings thus far, no lead counsel is from Colorado.

In sum, because the location of document, parties and witnesses points only to a central location, and because Missouri is accessible, has a low case load, and an experienced judge assigned to the first case filed in the country, the Eastern District of Missouri is the most appropriate forum for this action.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs ask this Panel to consolidate all actions against Aurora for the sale of organic milk and to transfer all such cases to the Eastern District of Missouri pursuant to 28 U.S.C. § 1407.

**Simon Passanante, P.C.**

By: _____
John G. Simon
Erich V. Vieth
John E. Campbell
701 Market Street, Ste. 1450
St. Louis, MO 63101
(314) 241-2929
(314) 241-2029
jsimon@simonpassanante.com
evieth@simonpassanante.com
jcampbell@simonpassanante.com