# EXHIBIT E

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE: AURORA DAIRY CORPORATION ORGANIC MILK MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) MDL Docket No. 1907 |

**OPPOSITION OF AURORA DAIRY CORPORATION TO THE MOTION OF PLAINTIFFS REBECCA AND FERNANDO FREYRE FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407**

For the reasons set forth herein and in the memorandum of law that is being submitted herewith, Defendant Aurora Dairy Corporation ("Aurora"), by and through its attorneys, hereby opposes and responds as follows to the Motion of Plaintiffs Rebecca and Fernando Freyre ("Plaintiffs") for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407:

### Plaintiffs' Allegations And Aurora's Responses

1. This motion involves four cases recently filed in three different district courts:

- Freyre v. Aurora Dairy Corporation, Civil Action No. 1:07-cv-02183-EWN, pending in the District of Colorado before Judge Edward W. Nottingham;

- Still v. Aurora Dairy Corporation, Civil Action No. 1:07-cv-02188-WDM, pending in the District of Colorado before Judge Walker Miller;

- Mothershead v. Aurora Dairy Corporation, Civil Action No. 4:07-cv-01701-CAS, pending in the Eastern District of Missouri before Judge Charles Shaw; and,

- Fiallos v. Aurora Dairy Corporation, Civil Action No. 1:07-22748-AJ, pending in the Southern District of Florida before Judge Adalberto Jordan.

A schedule of these actions is attached as Appendix A.

**RESPONSE:**

Aurora admits the allegations contained in Paragraph 1 of Plaintiffs' motion. Aurora also identifies the following additional actions in which it has been named, and Aurora notes that it is not clear Plaintiffs have notified these parties or their counsel of Plaintiffs' request to transfer and consolidate:

- Gallardo v. Aurora Dairy Corporation, Case No. 3:07-cv-05331-MJJ, pending in the Northern District of California before Judge Martin J. Jenkins;

- White, et al. v. Aurora Dairy Corporation d/b/a Aurora Organic Dairy, Case No. 1:07-cv-09418-DAB, pending in the Southern District of New York before Judge Deborah A. Batts;

- Kaye v. Aurora Dairy Corporation d/b/a Aurora Organic Dairy, Case No. 2:07-cv-4425-DRH-ETB, pending in the Eastern District of New York before Judge Denis R. Hurley; and

- Cockrell v. Aurora Dairy Corporation d/b/a Aurora Organic Dairy, Case No. 1:07-cv-02285-LTB, pending in the District Court of Colorado before Judge Lewis T. Babcock.

- DiSimone v. Aurora Dairy Corporation d/b/a Aurora Organic Diary, Case Vander Eyk, Jr. d/b/a Case Vander Eyk, Jr. Dairy, Quality Assurance International, Inc. a/k/a QAI, and Does 1-5, inclusive, Case No. BC379475, pending in the Superior Court of the State of California for the County of Los Angeles before Judge Victoria Chaney.

In order to ensure that the foregoing parties and their counsel receive notice of these proceedings, Aurora is serving its papers today on counsel in each of the actions listed above.

2.   All of these actions are brought on behalf of overlapping and in some cases identical putative plaintiff classes.

**RESPONSE:**

Aurora denies the allegations contained in Paragraph 2 of Plaintiffs' motion. Several of the actions that Plaintiffs would seek to have transferred only propose a class of persons located in a certain state or states. See, e.g., Gallardo v. Aurora Dairy Corporation, Case No. 3:07-cv-05331-MJJ at ¶ 1 (proposing a class limited to residents of the State of California); Mothershead, et al. v. Aurora Dairy Corporation, Case No. 4:07-cv-01701-CAS at ¶ 92 (proposing a class limited to residents of the State of Missouri). Therefore, the proposed classes do not in fact overlap in many instances.

3.  All of these actions seek relief from similar, if not identical, alleged misconduct by the same defendant, Aurora Dairy Corporation ("Aurora"). The actions assert many of the same legal theories. In each case, the district court will be asked to determine factual and legal issues arising out of a common course of conduct by Aurora.

**RESPONSE:**

Aurora denies the allegations contained in Paragraph 3 of Plaintiffs' motion. The various cases Plaintiffs seek to have transferred and consolidated involve different claims under the laws of different states and would, therefore, require the resolution of different legal issues as well as different factual showings. The different state law claims in the various cases must, however, be resolved in a manner consistent with (a) the different choice of law principles in each of the courts where the cases were filed and (b) the substantive law of each state whose law is implicated by the claims made in the various cases.

4.  The locus of the alleged misconduct committed by Aurora occurred in Colorado, where the corporation has its headquarters, most of its employees, and its largest facility.

**RESPONSE:**

Aurora admits that it has its headquarters at, a facility in and employees located in the State of Colorado. Aurora denies the remaining allegations contained in Paragraph 4 of

Plaintiffs' motion and specifically denies that it has committed any misconduct whatsoever. Aurora affirmatively states that it also has facilities as well as employees in the State of Texas.

    5.    All cases are in the early stages of litigation. No discovery has occurred and no initial disclosures have been made.

**RESPONSE:**

Aurora admits the allegations contained in Paragraph 5 of Plaintiffs' motion.

    6.    No substantive rulings on motions to dismiss, motions for summary judgment, class certification or other pretrial matters have been made in any of these cases.

**RESPONSE:**

Aurora admits the allegations contained in Paragraph 6 of Plaintiffs' motion.

    7.    If the above listed actions are not transferred to a single forum, much of the discovery in the multiple courts will be duplicative and wasteful of judicial resources. Further, there is a substantial risk of inconsistent pre-trial rulings.

**RESPONSE:**

Aurora denies the allegations contained in Paragraph 7 of Plaintiffs' motion. As set forth in the memorandum of law being submitted herewith, there exist a variety of ways in which this litigation can be managed that are preferable to transfer and consolidation, while still avoiding the duplication of efforts and conserving judicial resources. Those methods include voluntary coordination between judges and courts as well as coordination between counsel.

    8.    Under the circumstances, early transfer and coordination or consolidation of pretrial proceedings will promote the convenience of the parties and witnesses and the just and efficient conduct of the action. The result will be a significant saving of time and expense, development of a consistent law of the case, and the fair and economical adjudication of the actions.

**RESPONSE:**

Aurora denies the allegations contained in Paragraph 8 of Plaintiffs' motion and specifically denies that transfer and consolidation would necessarily serve the interests of justice or efficiency in these matters.

9. The District of Colorado is best suited as the transferee court. Among other factors: (a) Aurora is headquartered in Colorado and most, if not all, of the alleged misconduct occurred in Colorado; (b) the overwhelming bulk of the discovery will take place in Colorado, where most of the witnesses and documents are located; (c) Denver is conveniently located for counsel and other participants in the litigation; and (d) two of the four pending cases were filed in the District of Colorado.

**RESPONSE:**

Aurora denies the allegations contained in Paragraph 9 of Plaintiffs' motion and specifically denies that transfer and consolidation are appropriate. Aurora admits that Colorado would be one of several potential locations in which these cases could be consolidated were consolidation appropriate, but Aurora affirmatively states that the requirements for consolidation set forth in 28 U.S.C. § 1407(a) have not been met here for the reasons addressed above and in the memorandum of law Aurora is submitting herewith.

## CONCLUSION

WHEREFORE, for the reasons stated above and in the memorandum of law being submitted herewith, Aurora respectfully requests that the Panel deny Plaintiffs' Motion for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407. Aurora further requests any other relief this Panel may deem appropriate.

Dated: November 13, 2007

Respectfully submitted,

_____
Attorney for Defendant Aurora Dairy Corporation

Mark S. Mester
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: 312-876-7623
Facsimile: 312-993-9767
E-Mail: mark.mester@lw.com

5

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: AURORA DAIRY CORPORATION ORGANIC MILK MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. 1907 |

MEMORANDUM OF AURORA DAIRY CORPORATION IN
OPPOSITION TO THE MOTION OF PLAINTIFFS REBECCA AND
FERNANDO FREYRE FOR TRANSFER UNDER 28 U.S.C. § 1407

Defendant Aurora Organic Dairy Corporation ("Aurora"), by and through its attorneys, submits this memorandum in opposition to the Motion of Plaintiffs Rebecca and Fernando Freyre ("Plaintiffs") for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407:[1]

---

[1] On or about November 5, 2007 and after the filing of the instant motion, plaintiffs in another suit filed a separate motion before the Multidistrict Panel, seeking consolidation in the United States District Court for the Eastern District of Missouri. See Motherhead's Transfer Motion, Ex. A hereto. The fact that two motions, however, have been filed by different parties seeking consolidation in the different courts in which their respective complaints were originally filed is something of an indication that the moving parties themselves support consolidation only if it occurs in their own chosen forum, calling into question to a degree the motives of the parties and their counsel in seeking consolidation as well as the actual need for consolidation itself. Compare Plaintiffs' Motion at ¶ 9, and Motherhead's Transfer Motion at ¶¶ 4, 8-11. A briefing schedule on the motion filed by the plaintiffs in Mothershead has not yet been set by the Clerk. See Oct. 24, 2007 Corresp. fr. Clerk of Judicial Panel on Multidistrict Litigation (setting briefing schedule for Plaintiffs' motion). Aurora will, of course, respond to that other motion as directed.

## I. INTRODUCTION

Plaintiffs' request for transfer and consolidation should be denied. Consolidation would not promote the "efficient conduct" of these proceedings. In fact, it is more likely that transfer and consolidation would unnecessarily complicate the proceedings.

First, Plaintiffs have failed to show that there are "unusually complex questions of fact" involved in the cases they propose for transfer, such that transfer would actually be warranted or necessary. See, e.g., In re Multidistrict Civil Antitrust Actions Involving the Distribution of Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Indeed, the discovery (if any) in each case will be unique and tailored to the necessary elements of the different state laws pursuant to which the claims in the different complaints are being made. Compare Mothershead, et al. v. Aurora Dairy Corporation, Case No. 4:07-cv-01701-CAS at ¶¶ 79-91 (alleging violations of the Missouri Merchandising Practices Statute), with Freyre, et al. v. Aurora Dairy Corporation, Case No. 1:07-cv-02183-EWN-CBS at ¶¶ 31-35 (alleging violations of the Colorado Consumer Protection Statute). Accordingly, Aurora believes that voluntary coordination among the courts could and would sufficiently address any issues created by discovery in the various suits, and coordination between counsel would likewise address the discovery concerns addressed in Plaintiffs' motion. See disc. infra at p. 11-13; see also Plaintiffs' Motion at ¶¶ 7-8.

Second, even if the Plaintiffs could identify issues that are unusually complex (which they cannot), transfer and consolidation would only delay the proceedings and add to their complexity. See disc. infra at 3-7. All of the actions Plaintiffs seek to transfer involve alleged violations of individual state tort, contract and consumer protection laws, which would require any transferee court to analyze and construe the substantive law of many different states. See, e.g., In re Gen. Am. Life Ins. Co. Sales Practices Litig., 391 F.3d 907, 911 (8th Cir. 2004). While this complexity no doubt also implicates the issues of commonality, superiority and

2

manageability that arise under Fed. R. Civ. P. 23, there can be little question that the patchwork of different and sometimes conflicting laws under which the various claims in the different cases are brought also necessarily militates against transfer and consolidation. Thus, Plaintiffs' claimed fear that the actions will be subject to "inconsistent pre-trial rulings" if they are not consolidated (Plaintiffs' Motion at ¶¶ 7-8) is unwarranted, since even with consolidation, the differences in state substantive law would almost certainly preclude consistency in any event.

Finally, given the differing choice of law rules in each jurisdiction, the transferee court would have the additional burden of applying the appropriate choice of law principles for each of the states in which the actions were originally filed, adding additional complications and delay. See, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 814-23 (1985); see also In re Norplant Contraceptive Prods. Liab. Litig., 215 F. Supp. 2d 795, 804 (E.D. Tex. 2002).

In order to achieve the efficiency and lack of duplication that Plaintiffs claim to desire, the courts where these actions were filed and are now pending, working in conjunction with counsel, can and should voluntarily cooperate with regard to noticing depositions, holding hearings and creating uniform discovery. This type of cooperation will eliminate duplication of effort and maintain efficiency but will also avoid the complications that will necessarily arise if a single court is forced to construe the laws of many different states.

## II.  ARGUMENT

**A.  The Actions Plaintiffs Propose For Transfer Do Not Implicate Sufficiently Complex Factual And Legal Questions To Actually Warrant Transfer Or Consolidation**

When determining whether transfer and consolidation is appropriate in circumstances such as these, the Multidistrict Panel considers whether the actions involve unusually complicated facts and complex legal questions as would justify transfer and consolidation. See, e.g., Distribution of Scotch Whiskey, 299 F. Supp. at 544. "[W]here . . . there are a minimal

number of cases involved in the litigation the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying discovery so time-consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses." Id.; compare, e.g., In re Movie Artwork Copyright Litig., 473 F. Supp. 2d 1381, 1382 (J.P.M.L. 2007) (noting that "in this docket containing just four actions, movants have failed to persuade [the Panel] that any common questions of fact and law are sufficiently complex and/or numerous to justify Section 1407 transfer"); with In re Multidistrict Private Civil Treble Damage Antitrust Litig. Involving IBM, 302 F. Supp. 796, 799 (J.P.M.L. 1969); In re Ecuadorian Oil Concession Litig., 487 F. Supp. 1364, 1367-68 (J.P.M.L. 1980).[2]

In IBM, for example, the Panel found that because of the complex legal and factual issues presented, complicated discovery such as economic data revealing "IBM's power and position in the industry" would require "extensive discovery" in each of the four actions that were consolidated. See IBM, 302 F. Supp. at 799. The Panel thus concluded that consolidation and transfer were warranted in that instance due to the complexity of the issues involved. See id. at 800. On the other hand, in Ecuadorian Oil, the Panel concluded that where actions contained similar allegations regarding garden variety claims of breach of contract, the actions were not sufficiently complex to warrant transfer and consolidation. See Ecuadorian Oil, 487 F. Supp. at 1367-68.

---

[2] In point of fact, Aurora does not believe that any of the claims being asserted against it have merit. It is Aurora's understanding, however, that the merits will be addressed by the respective courts in which the actions were filed or the transferee court, if the cases are transferred. As such, Aurora defers an extended discussion of the merits but expressly reserves all defenses, objections and arguments with respect to the claims being asserted. See, e.g., In re Rubber Chems. Antitrust Litig., 504 F. Supp. 2d 777, 781-87 (N.D. Ca. 2007); see also In re Sierra Wireless, Inc. Sec. Litig., 482 F. Supp. 2d 365, 373-82 (S.D. N.Y. 2007).

4

As demonstrated below, Plaintiffs cannot satisfy the "strong burden" of demonstrating that there are unusually complicated facts in the matters for which they now seek transfer and consolidation. See, e.g., Distribution of Scotch Whiskey, 299 F. Supp. at 544. Nor can Plaintiffs demonstrate that these are the type of complex actions that would warrant transfer. See Ecuadorian Oil, 487 F. Supp. at 1368. Indeed, they admit the contrary in their motion. See Plaintiffs' Mem. in Supp. at 2-3 (noting that the single question of fact common to all plaintiffs is whether Aurora's milk was properly labeled as "organic"). Accordingly, Plaintiffs' motion and request for transfer and consolidation should be denied.

1. **There Are No Unusually Complicated Facts As Would Warrant Transfer And Consolidation**

In this case, Plaintiffs do not seek to transfer a significant number of actions; rather, they seek to transfer a total of just four. Compare Plaintiffs' Motion at passim (moving to transfer four actions), with In re Sugar Indus. Antitrust Litig., 395 F. Supp. 1271, 1272, 1274 (J.P.M.L. 1975) (transferring twenty-one actions). Plaintiffs, however, do not begin to satisfy the "strong burden" of demonstrating that there are unusually complicated facts as would warrant consolidation. See, e.g., Distribution of Scotch Whiskey, 299 F. Supp. at 544. Indeed, Plaintiffs allege but a single, common question -- a question that is in no sense complicated -- namely, whether or not "Aurora has . . . sold milk labeled as organic that, in fact, did not meet organic standards." See Freyre's Mem. in Supp. at 2.[3] On its face, this does not pose a "complicated

---

[3] It is important to note that the criteria listed in Section 1407 of having "one or more common questions of fact" are different from the criteria listed in the Federal Rules of Civil Procedure Rule 23 for class certification. Compare 28 U.S.C. § 1407, with Fed. R. Civ. P. 23(a)(2) ("One or more members of a class may sue or be sued as representative parties on behalf of all only if . . . (2) there are questions of law or fact common to the class"); see also Fed. R. Civ. P. 23(b)(3) (requiring that common issues predominate). Under Section 1407, the Panel is concerned only with common facts alleged between and among the actions filed. Plaintiffs' allegations that there are common questions of fact between the various actions, however, in no

(continued...)

5

question," and Plaintiffs allege no additional issues or considerations that somehow transform this simple question into something other than what it is.[4] See id.

### 2. The Complaints Demonstrate That There Are No Unusually Complex Legal Or Factual Questions

In addition and as Plaintiffs admit, the causes of action alleged in the various complaints are relatively mundane: breach of contract, unjust enrichment and violations of various state consumer protection laws. See Freyre's Mem. in Supp. at 3; see also Ecuadorian Oil, 487 F. Supp at 1367-68 (holding that two actions containing, among other things, similar allegations regarding breach of contract were not sufficiently complex to warrant transfer and consolidation). The actions at issue here are simply not the type of complex actions that typically warrant transfer. See id.

There is also nothing in the record suggesting that the kind of extensive discovery required in IBM will be needed or that anything other than garden variety tort and contract claims are at issue. See generally Plaintiffs' Mem. in Supp. at 3-5. Indeed, the facts presented here are most analogous to the facts in Ecuadorian Oil, where the legal issues were basic and the

---

(...continued)
way speaks to whether there are common questions of fact between the members of the proposed classes. As such, to the extent that common questions of fact are found to be alleged between the various complaints filed, that decision should in no way impact the analysis of commonality for class certification or the "rigorous analysis" that must be undertaken before any class is certified. See generally Quick v. Shell Oil Co. (In re Methyl Tertiary Butyl Ether Products Liab. Litig.), 241 F.R.D. 435, 442-51 (S.D.N.Y. 2007) (denying, in part, class certification in a litigation that was transferred pursuant to Section 1407); see also, e.g., Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982) (calling for a "rigorous analysis" of the Rule 23 requirements).

[4]   While an extended discussion of the merits is not called for here, it does bear noting that the single issue identified by Plaintiffs is even simpler than Plaintiffs appear to suggest. See Freyre's Mem. in Supp. at 2. The question of whether milk is properly labeled as "organic" is an issue delegated by Congress exclusively to the United States Department of Agriculture, and apart from jurisdictional implications, there is no legitimate dispute that Aurora has the necessary certifications from the U.S.D.A. or that Aurora had those certifications at all times relevant hereto. See Organic Foods Production Act of 1990, 7 U.S.C. §§ 6501 et seq.

factual issues were likewise straightforward. See id. at 1367-68. Therefore, Plaintiffs have failed to meet their burden of proving that complex factual and legal issues exist which would warrant consolidation and transfer. See, e.g., Distribution of Scotch Whiskey, 299 F. Supp. at 544.

### B. Transfer And Consolidation Will Not Promote The Just and Efficient Resolution Of These Actions

Transfer and consolidation of these matters would actually undermine the interests of justice and efficiency. One of the critical considerations in determining the appropriateness of transfer and consolidation is whether doing so will promote efficiency. See 28 U.S.C. § 1407. In multidistrict litigation, however, "[w]hen considering issues of state law . . . the transferee court must apply the state law that would have applied had the case not been transferred for consolidation." In re Gen. Am. Life Ins. Co. Sales Practices Litig., 391 F.3d at 911 (emphasis supplied); see also In re Silicone Breast Implants Products Liab. Litig., 887 F. Supp. 1463, 1465 (N.D. Ala. 1995); In re Lou Levy & Sons Fashions, Inc. Litig., 988 F.2d 311, 313 (2d Cir. 1993).

The differences in individual state laws, however, is often noted as a reason why transfer will not increase efficiency: "efficiencies to be gained by transfers under the multidistrict litigation statute may be dissipated if the transferee court needs to consider the law of up to fifty jurisdiction…when handling dispositive matters." 17 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 112.07 (2007). Moreover, where federal jurisdiction for each action is based upon diversity (as is the case here), the transferee court would be required to apply the choice of law rules for the state in which each action was originally filed. See In re Nucorp Energy Securities Litig., 772 F.2d 1486, 1491-92 (9th Cir. 1985); see also Mothershead, et al. v. Aurora Dairy Corporation, Case No. 4:07-cv-01701-CAS at ¶¶ 1-3, 6; Fiallos v. Aurora Dairy Corporation, Case No. 1:07-22748-AJ at ¶¶ 2-3, 6; Freyre, et al. v. Aurora Dairy Corporation,

7

Case No. 1:07-cv-02183-EWN-CBS at ¶¶ 2-5; Still, et al. v. Aurora Dairy Corporation, Case No. 1:07-cv-02188-WDM at ¶¶ 4, 7-38.

Another important consideration is whether the benefits of transfer and consolidation outweigh the burden on parties who would have to travel considerable distances as a result. See In re Royal American Indus., Inc. Sec. Litig., 407 F. Supp. 242, 244 (J.P.M.L 1976) (noting that forcing one of two parties to move to an inconvenient forum as among the reasons not to consolidate); see also In re Brandywine Assocs. Antitrust & Mortg. Foreclosure Litig., 407 F. Supp. 236, 238 (J.P.M.L. 1976).

In this case, where *in*efficiencies (rather than efficiencies) will likely result, Plaintiffs cannot possibly justify the inconvenience and burden that would result in event of transfer. Accordingly, transfer and consolidation is not warranted. See, e.g., In re Truck Accident Near Alamagordo, 387 F. Supp. 732, 733 (J.P.M.L. 1975) (noting that "a mere showing that common questions of fact exist amongst the actions for which Section 1407 treatment is proposed is not sufficient, in and of itself, to warrant transfer by the Panel. The other criteria of the statute must also be satisfied. And we are not persuaded that with respect to this particular litigation the overall convenience of the parties and witnesses and the just and efficient conduct of the litigation will be enhanced by a Section 1407 transfer.").

1. **The Transferee Court Will Be Forced To Apply The Laws Of Multiple Jurisdictions, Thereby Negating Any Potential Efficiencies**[5]

As noted, because all of the actions arise under the laws of different states, if the cases are consolidated, the transferee court will forced to apply the laws of a multitude of states when

---

[5] Moreover, to the extent Plaintiffs claim that the additional actions filed against Aurora should be consolidated as well, that will only further exacerbate the problem, as those actions will only increase the number and complexity of different state laws at issue. See, e.g., In re Silicone Breast Implants Products Liability Litig., 887 F. Supp. at 1465.

8

making substantive pre-trial decisions. See In re Lou Levy & Sons Fashions, Inc. Litig., 988 F.2d at 313. Given the number of state law claims involved, however, the transferee court will essentially have to consider each individual case separately. See, e.g., In re Silicone Breast Implants Products Liability Litig., 887 F. Supp. at 1465.

### a. Different Substantive Law

For example, the plaintiffs in the case of Mothershead, et al. v. Aurora Dairy Corporation have alleged violations of the Missouri Merchandising Practices Statute. See Mothershead, et al. v. Aurora Dairy Corporation, Case No. 4:07-cv-01701-CAS at ¶¶ 79-91. This claim requires proof of having purchased or leased "merchandise primarily for personal, family or household purposes." Mo. R. S. § 407.205. Such facts, however, are not required for proof under the Colorado Consumer Protection Act, which is the basis for the claims in Freyre, et al. v. Aurora Dairy Corporation. See Colo. Rev. Stat. § 6-1-101, et seq.; see also Freyre, et al. v. Aurora Dairy Corporation, Case No. 1:07-cv-02183-EWN-CBS at ¶¶ 31-35. Given the foregoing, it is unlikely that transfer and consolidation will result in any efficiency gains. See 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 112.07 (2007).

### b. Difference Choice Of Law Rules

In addition, the transferee court will be placed in the difficult position of not only having to apply the substantive state law of a multitude of other states, but also applying disparate choice of law rules, only further complicating matters. For example, Florida recognizes the "significant relationships test" discussed in the Restatement (Second) of Conflict of Laws for purposes of analyzing the choice of law applying to tort claims. See Bishop v. Florida Specialty Paint Co., 389 So. 2d 999, 1001 (1980). California courts, on the other hand, will apply the "governmental interest analysis" to choice of law. See Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 100 (Cal. 2006).

Discerning and applying the choice of law preferences of each state in which an action was filed will take the transferee court significant time and effort and will likely slow proceedings and further negate any possible efficiencies gained through transfer. See disc. supra at 7-8. Moreover, differing choice of law analysis may affect class certification. See generally, Lyon v. Caterpillar, Inc., 194 F.R.D. 206 (E.D. Pa. 2000) (applying choice of law rules to class certification issues).

Since different states will apply different choice of law analyses, uniform decisions on class certification cannot be guaranteed through consolidation. See Lyon, 194 F.R.D. at 211-21. Thus, the solution Plaintiffs propose -- that of transfer and consolidation -- will do little (if anything) to address their fear of inconsistent decisions. See Plaintiffs' Motion at ¶¶ 7-8. The only difference if the actions are consolidated is that one court rather than several will be forced to consider all of those issues for each jurisdiction. That one transferee court, however, will necessarily be less familiar with local choice of law principles and substantive law than the local courts where the cases were originally filed.

### 2. The Parties Will Be Inconvenienced For No Good Reason

Plaintiffs fail to identify how consolidation will serve the interests of the other parties in this case. As noted, few (if any) efficiency gains will be realized through transfer and consolidation. See disc. supra at 7-8. On the other hand, it is undisputed that if these actions are consolidated before a single court, a number of parties and witnesses will be required to travel from at least four different states. See Plaintiffs' Motion at ¶ 1. Parties from Florida and Missouri, for example, will be forced to incur the cost of travel for individual hearings, motions and depositions, among other things. See, e.g., In re Royal Am. Indus., Inc. Sec. Litig., 407 F. Supp. at 244 (noting that forcing one of two parties to move to an inconvenient forum as among the reasons not to consolidate).

10

Plaintiffs have not demonstrated that there are unusually complicated facts that would warrant this inconvenience. See disc. supra at 7-10; see also In re Interstate Medicaid Patients at Good Samaritan Nursing Ctr., 415 F. Supp. 389, 391 (J.P.M.L. 1976) (noting that transfer would not serve the convenience of the parties and witnesses because the moving party had not shown that the common questions of fact were so complex as to overcome the inconvenience of transfer). Nor have Plaintiffs identified any efficiency concerns that would justify such a burden. See disc. supra at 4-7. Where courts may pursue other avenues to coordinate discovery without inconveniencing any of the parties, those avenues should be pursued instead of transfer and consolidation. See disc. infra at 11-13; see also, e.g., In re Interstate Medicaid, 415 F. Supp. at 391.

### C. Judicial Cooperation As Well As Cooperation Between Counsel Will Avoid Duplication Of Effort And Conserve Judicial Resources

Recognized alternatives to transfer under Section 1407 would avoid the duplication of discovery and other concerns identified in Plaintiffs' motion. See Plaintiffs' Motion at ¶¶ 7-8. For example, depositions could be filed and taken concurrently in all actions, thereby avoiding duplicate discovery, and "the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders from the [different] courts directing the parties to coordinate their pretrial efforts." In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig., 446 F. Supp. 242, 244 (J.P.M.L. 1978). Moreover, the courts can cooperate to minimize inconsistent pre-trail rulings. See Union Light, Heat & Power Co. v. U. S. Dist. Court, 588 F.2d 543, 544 (6th Cir. 1978) (noting that the state and federal judges had worked together to establish a discovery schedule and had held joint hearings). It is, therefore, not uncommon for this Panel to point litigants to alternatives to

transfer that will minimize the chance of duplicate discovery or inconsistent rulings. See e.g., In re Lycoming Crankshaft Prods. Liab. Litig., 473 F. Supp. 2d 1380, 1381 (J.P.M.L. 2007).

In fact, cooperation between the courts in this case will be required regardless of whether or not the actions are consolidated. At least one state court action has been filed that may relate to the subject matter of the federal actions. See DiSimone v. Aurora Dairy Corp. d/b/a Aurora Organic Dairy, Case No. BC379475, filed in the Superior Court of the State of California, County of Los Angeles. Actions filed in state court, however, obviously cannot be transferred and consolidated under Section 1407. See 28 U.S.C. § 1407 ("When civil actions involving one or more common questions of fact are pending in *different districts*, such actions may be transferred to *any district* for coordinated or consolidated pretrial proceedings.") (emphasis added); see also 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 112.02 (2007); Manual for Complex Litigation § 21.15 (4th Ed. 2007) ("If overlapping or duplicative cases are pending in both state and federal courts, there is no formal mechanism for global consolidation."). Therefore, some cooperation between state and federal courts will be required in any event, and there is no reason that such cooperation cannot be extended to the federal courts where the actions were originally filed. See Union Light, Heat & Power Co., 588 F.2d at 544 (noting that cooperation between state and federal judges had occurred throughout litigation). Cooperation between counsel would also go far to eliminate the concerns addressed in Plaintiffs' motion. See Plaintiffs' Motion at ¶¶ 7-8.

Since some level of cooperation and coordination will already be required due to the filing of one or more state court actions, it would appear to make more sense for all of the courts to coordinate. That way, each court could consider the state law claims before it, instead of

loading up a single court in one jurisdiction with the myriad of substantive and choice of law issues presented in the various actions filed against Aurora.

### D. Assuming The Multidistrict Panel Decides To Transfer, Aurora Believes Transfer To The District Court Of Colorado Would Be Most Appropriate

Aurora opposes transfer and consolidation under Section 1407 for the reasons set forth above. See disc. supra at 4-13. Should the Panel determine that transfer is appropriate, however, Aurora believes transfer to the District of Colorado would likely be most appropriate. The largest number of actions have been filed there. See 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 112.04 (2007). In addition, Aurora's principal place of business is located in Colorado, as are many of its documents and witnesses. These factors do not overcome the obstacles to and problems with transfer and consolidation noted above (see disc. supra at 4-13), but if transfer were appropriate, Colorado would likely be the most logical forum. See In re Department of Energy Stripper Well Exemption Litig., 472 F. Supp. 1282, 1286 (J.P.M.L. 1979) (noting that the district of Kansas was the most convenient transferee forum because, among other reasons, the largest number of actions were pending there).

### III. CONCLUSION

For the reasons stated herein, Aurora respectfully requests that the Panel deny Plaintiffs' Motion for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407.

Dated: November 13, 2007

Respectfully submitted,

_____
Attorney for Defendant Aurora Dairy Corporation

Mark S. Mester
LATHAM & WATKINS LLP
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: 312-876-7623
Facsimile: 312-993-9767
E-Mail: mark.mester@lw.com

14