# EXHIBIT H

LATHAM & WATKINS LLP
Viviann C. Stapp (Cal. Bar No. 233036)
505 Montgomery Street, Suite 2000
Telephone: (415) 391-0600
Fax: (415) 395-8095
Email: viviann.stapp@lw.com

Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
233 South Wacker Drive
Sears Tower, Suite 5800
Chicago, IL 60606
Telephone: (312) 876-7700
Fax: (312) 993-9767
Email: mark.mester@lw.com
        livia.kiser@lw.com

*Attorneys for Defendant Aurora Dairy Corporation*
*d/b/a Aurora Organic Dairy*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **BRENDA GALLARDO, an individual,** | **Case No:  07-cv-05331-MJJ** |
| **Plaintiff,** | |
| **v.** | **DEFENDANT AURORA DAIRY CORPORATION D/B/A AURORA ORGANIC DAIRY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |
| **AURORA DAIRY CORPORATION, d/b/a Aurora Organic Dairy, a Delaware Corporation,** | |
| **Defendant.** | |

1    Defendant Aurora Dairy Corporation d/b/a Aurora Organic Dairy ("Aurora" or

2  "Defendant"), by its counsel, as its Answer and Affirmative Defenses to the First Amended Class

3  Action Complaint of Plaintiff Brenda Gallardo ("Plaintiff"), states as follows:

4    1.    This is a class action on behalf of all California residents who purchased

5  dairy products labeled as "organic" by defendant Aurora Dairy Corporation ("Aurora")

6  within four years prior to the date the original complaint in this matter was filed.  As

7  alleged below, plaintiff is informed and believes that Aurora has engaged in unfair and

8  deceptive acts and practices and has been unjustly enriched by marketing and selling

9  diary products labeled as organic, at prices much higher than non-organic milk, when

10  Aurora knew or should have known that its products did not meet the standards required

11  for labeling them as organic.

12    **ANSWER**:

13    Aurora admits that Plaintiff purports to bring a class action on behalf of all

14  California residents who purchased dairy products labeled "organic" by Aurora within four years

15  prior to the time of filing the original complaint in this matter.  Aurora denies that class

16  certification is appropriate and expressly denies that any claims asserted in this action are

17  appropriate for class treatment.  Aurora further denies that it engaged in any unfair and/or

18  deceptive acts in California or anywhere else.  Aurora further denies that it knew or should have

19  known that its products did not meet the organic food standards, since it markets and sells its

20  milk and dairy products with the label "USDA Organic" in accordance with organic

21  certifications issued to Aurora by two certifying agents -- Colorado Department of Agriculture

22  ("CDA") and Quality Assurance International ("QAI") -- acting pursuant to the authority vested

23  in them by the United States Department of Agriculture ("USDA") under the Organic Foods

24  Production Act of 1990 ("OFPA") and the National Organic Program ("NOP").  Except as

25  expressly admitted, Aurora denies the remaining allegations in Paragraph 1.

26    2.    Plaintiff Brenda Gallardo is a resident of California, County of Alameda.

27

28

1    **ANSWER**:

2        Aurora is without knowledge or information sufficient to form a belief as to the

3    truth or falsity of the allegations contained in Paragraph 2, and on that basis, denies them.

4    Except as expressly admitted, Aurora denies the remaining allegations in Paragraph 2.

5        3.    Defendant Aurora is a Delaware corporation with its principal place of

6    business in Colorado. On information and belief, Aurora is the second largest producer of

7    milk and other dairy products labeled as "organic" within the United States and places

8    into the stream of commerce substantial amounts of such dairy products with the

9    knowledge, expectation and intention that these products will be marketed and sold

10   within the State of California as well as many other places.

11   **ANSWER**:

12       Aurora admits that it is a Delaware corporation with its principal place of business

13   in Colorado.  Aurora further admits that it markets and sells organic milk and dairy products to

14   customers who market and sell those organic milk and dairy products within the United States,

15   including the state of California.  Except as expressly admitted, Aurora denies the remaining

16   allegations in Paragraph 3.

17       4.    This Court has original jurisdiction over all claims in this action under the

18   Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby:

19   (i) the proposed class consists of over 100 or more members; (ii) at least some of the

20   members of the proposed class, including Plaintiff, have a different citizenship from

21   Aurora; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

22   **ANSWER**:

23       Aurora denies that class treatment is appropriate and expressly denies that

24   Plaintiff is entitled to class certification.  Aurora is without knowledge or information sufficient

25   to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and on that

26   basis, denies them.  Except as expressly admitted, Aurora denies the remaining allegations in

27   Paragraph 4.

28

1    5.    Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the

2    acts or omissions giving rise to the claims alleged herein occurred within this judicial

3    district, and Aurora is subject to personal jurisdiction in this district.

4    **ANSWER**:

5    Aurora is without knowledge or information sufficient to form a belief as to the

6    truth or falsity of the allegations contained in Paragraph 5 and, on that basis, denies them.

7    Except as expressly admitted, Aurora denies the remaining allegations in Paragraph 5.

8    6.    Many consumers are willing to pay higher prices for dairy products

9    labeled as "organic" than for similar products that are not so labeled. Among the reasons

10    why these consumers are willing to pay a premium for organic labeled dairy products are

11    their beliefs that dairy products produced in compliance with all applicable standards and

12    requirements for labeling them as organic are healthier for them and their families, and

13    that organic cattle ranching is less damaging to the environment.

14    **ANSWER**:

15    Aurora denies the allegations in Paragraph 6.

16    7.    Aurora is the country's largest producer of "private-label" dairy products

17    represented to be "organic."  Aurora packages store-brand organic dairy products for

18    Safeway, Wal-Mart, Costco, Target, and other stores. Aurora knows and intends that the

19    products it sells to these retail stores will be resold to consumers, including consumers

20    within the State of California, will be labeled, marketed and advertised by those stores to

21    consumers as "organic" and will be priced at a premium compared to equivalent dairy

22    products which are not labeled as organic.

23    **ANSWER**:

24    Aurora admits that it produces organic milk and dairy products that are sold by

25    various retailers.  Aurora further admits that it markets and sells its organic milk and dairy

26    products to retailers who market and sell those organic milk and dairy products to customers in

27    the state of California.  Aurora further admits that it intends its milk and dairy products to be

28    labeled "organic," as its products and operations are, and have been at all times, certified organic

1    by USDA accredited certifying agents and eligible to be marketed and distributed with the

2    "USDA Organic" seal.  Except as expressly admitted, Aurora denies the remaining allegations in

3    Paragraph 7.

4           8.      For example, Safeway sells organic milk under its own in-house brand, "O

5    Organics."  Costco sells organic milk under its own in-house brand, "Kirkland

6    Signature."  In both cases, the milk is produced by Aurora and then distributed to

7    Safeway or Costco for subsequent retail sale to consumers such as plaintiff. On

8    information and belief, Aurora represents to the retail stores such as Safeway and Costco

9    that the milk is "organic" and meets all standards and requirements for labeling of the

10    milk as "organic."

11       **ANSWER**:

12        Aurora admits that it produces organic milk that is sold by various retailers.

13    Aurora further admits that some of the organic milk it produces is sold by Costco and Safeway.

14    Aurora further admits that it markets and sells its milk with the label "USDA Organic" in

15    accordance with organic certifications issued to Aurora by two certifying agents -- CDA and

16    QAI -- acting pursuant to the authority vested in them by the USDA under the OFPA and the

17    NOP.  Except as expressly admitted, Aurora denies the remaining allegations in Paragraph 8.

18           9.      In addition to providing labels for other stores, Aurora has its own label,

19    High Meadows.

20       **ANSWER**:

21        Aurora admits that it produces organic milk and dairy products that are sold by

22    various retailers, including under the label "High Meadow."  Except as expressly admitted,

23    Aurora denies the remaining allegations in Paragraph 9.

24           10.     All milk and other dairy products sold by Aurora is labeled and advertised

25    as "organic." Aurora actively markets the benefits of "organic" products on its website

26    and suggests that organic production of dairy benefits small farmers and preserves rural

27    communities.

28

1    **ANSWER**:

2    Aurora admits that it markets and sells milk and dairy products with the label

3    "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

4    agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

5    OFPA and the NOP.  Aurora further states that the content of Aurora's website speaks for itself,

6    and to the extent the allegations in Paragraph 10 vary therewith, Aurora denies those allegations.

7    Except as expressly admitted, Aurora denies the remaining allegations in Paragraph 10.

8        11.    Plaintiff has purchased Safeway's [sic] "O Organics" brand dairy products

9    on numerous occasions within the last four years. These products, labeled as "organic,"

10    were produced by Aurora.

11    **ANSWER**:

12    Aurora admits that some of the organic milk it produces is sold by Safeway.  By

13    way of further response, Aurora affirmatively states that it is not Safeway's sole supplier of

14    organic milk.  Aurora is without knowledge or information sufficient to form a belief as to the

15    truth or falsity of the allegations contained in Paragraph 11 and, on that basis, denies them.

16    Except as expressly admitted, Aurora denies the remaining allegations in Paragraph 11.

17        12.    Despite the clear labeling of the dairy purchased by plaintiff, and all other

18    similarly situated consumers, as "organic," the products produced by Aurora were not

19    properly labeled as "organic" because the products failed to meet the standards and

20    requirements for such labeling as alleged below.

21    **ANSWER**:

22    Aurora denies the allegations in Paragraph 12.  By way of further response,

23    Aurora affirmatively states that its products and operations are, and have been at all relevant

24    times, certified organic by USDA accredited certifying agents and eligible to be marketed and

25    distributed with the "USDA Organic" seal.

26        13.    On information and belief, the dairy products produced by Aurora – all of

27    which have been labeled as "organic" when sold to consumers – have not complied with

28    the applicable standards and requirements for labeling organic dairy products.  Among

6

Case No. 3:07-cv-05331-MJJ
DEF. AURORA DAIRY CORP.'S ANSWER AND
AFF. DEFENSES TO PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT

1   other reasons, the dairy products produced by Aurora have not qualified for an "organic"

2   label under applicable law because:

3       a.      Aurora failed to provide a total feed ration that included pasture, failed to

4               establish and maintain appropriate pasture conditions and failed to

5               establish and maintain access to pasture, thereby failing to meet the

6               requirements for organic labeling set forth in 7 C.F.R. §§ 205.237(a),

7               205.238(a)(3) and 205.239(a)(2).

8       b.      Aurora allowed milk from non-organic cows to be sold and labeled as

9               organic before the cows completed the required one-year period of

10              continuous organic management and sold and labeled as organic milk

11              from non-organic cows that had not been under organic management from

12              at least the last third of gestation, thereby failing to meet the requirements

13              for organic labeling set forth in 7 C.F.R. § 205.236(a)(2).

14      c.      Aurora allowed "organic" cows to be managed at non-organic ranches,

15              and then returned the cows to Aurora facilities for milking, thereby failing

16              to meet the requirements for organic labeling set forth in 7 C.F.R. §§

17              205.236(b)(1).

18      d.      At multiple facilities, Aurora used non-organic bedding materials for its

19              cattle (which sometimes consume their bedding), thereby failing to meet

20              the requirements for organic labeling set forth in 7 C.F.R. § 205.239(a)(3).

21      e.      Aurora sold dairy products labeled as organic without meeting all of the

22              requirements of California law, as set forth in the California Organic

23              Products Act of 2003, as enacted in Cal. Health and Safety Code,

24              §§110810 *et seq.* and Cal. Food and Agricultural Code, §§46000 *et seq.*

25      **ANSWER**:

26              Aurora admits that it markets and sells milk and dairy products with the label

27   "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

28   agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

1  OFPA and the NOP.  Except as expressly admitted, Aurora denies the remaining allegations in

2  Paragraph 13.

3       14.    In addition, Aurora failed to maintain and provide adequate documentation

4  to assure compliance with organic standards regarding things such as utilization of off-

5  site facilities for management of cattle, and failed to provide notice to certifying bodies

6  regarding changes to its approved Organic System Plans.

7       **ANSWER**:

8            Aurora denies the allegations in Paragraph 14.

9       15.    Because of the actions described above, the dairy products produced by

10  Aurora were not organic, and Aurora could not lawfully label those products as organic

11  or to permit their sale by others with that designation. Nevertheless, Aurora did so label

12  its dairy products and did so permit their sale by others with that designation.

13      **ANSWER**:

14           Aurora denies the allegations in Paragraph 15.  By way of further response,

15  Aurora affirmatively states that it markets and sells its milk and dairy products with the label

16  "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

17  agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

18  OFPA and the NOP.

19      16.    Aurora willfully or negligently sold dairy products as "organic" when it

20  was not properly so labeled. Yet Aurora has taken no action to restore to consumers the

21  premium they paid to purchase organic dairy products nor to refund to consumers the

22  profits Aurora gained from representing that its products were organic since 2003.

23      **ANSWER**:

24           Aurora denies the allegations in Paragraph 16.  By way of further response,

25  Aurora affirmatively states that its products and operations are, and have been at all relevant

26  times, certified organic by USDA accredited certifying agents and eligible to be marketed and

27  distributed with the "USDA Organic" seal.

28

17.    The dollar amount of the premium paid by California consumers for purchase of Aurora's wrongfully labeled dairy products in the last four years exceeds $5,000,000 in the aggregate. The dollar amount of the receipts to Aurora on the sale of dairy products ultimately sold to California consumers in the last four years exceeds $5,000,000 in the aggregate.

**ANSWER**:

Aurora denies the allegations in Paragraph 17 and expressly denies that it wrongfully labeled its milk or dairy products at any time.  By way of further response, Aurora affirmatively states that its products and operations are, and have been at all relevant times, certified organic by USDA accredited certifying agents and eligible to be marketed and distributed with the "USDA Organic" seal.

18.    Plaintiff brings this action on behalf of themselves and all others similarly situated pursuant Federal Rule of Civil Procedure 23.

**ANSWER**:

Aurora admits that Plaintiff purports to bring this action on behalf of herself and all others allegedly "similarly situated" under Rule 23 of the Federal Rules of Civil Procedure. Aurora denies that class certification is appropriate and expressly denies that any claims asserted in this action are appropriate for class treatment.  Except as expressly admitted, Aurora denies the remaining allegations in Paragraph 18.

19.    The class is defined and described as follows:

All persons who, in California, since November 1, 2003, purchased dairy products that were produced by Aurora and contained, anywhere on the carton or container, the word "organic."

Excluded from the proposed class are Aurora and its officers, directors, and employees, as well as employees of any of Aurora's subsidiaries, affiliates, successors or assignees. Also excluded are the immediate family members of the above persons. Also excluded is any trial judge who may preside over this case.

**ANSWER**:

Aurora denies the allegations in Paragraph 19 and expressly denies that class treatment is appropriate.  Aurora further denies the appropriateness of the definition and

1   description of the class.  Except as expressly admitted, Aurora denies the remaining allegations
2   in Paragraph 19.

3
4       20.    The subclass for Count Four of this Complaint is defined as above, but
5   limited to those persons who purchased such dairy products for personal, family or
6   household uses.

7       **ANSWER**:

8           Aurora admits that Plaintiff purports to limit the definition of the class as it
9   applies to Count Four of the complaint.  Aurora denies that class treatment is appropriate.
10  Aurora further denies the appropriateness of the definition and description of the class.  Except
11  as expressly admitted, Aurora denies the remaining allegations in Paragraph 20.

12      21.    The proposed class and the proposed subclass are so numerous and so
13  geographically dispersed that the individual joinder of all absent class members is
14  impracticable. While the exact number of absent class members is unknown to plaintiff at
15  this time, plaintiff, upon information and belief, alleges that far in excess of one thousand
16  persons fall within the proposed class and subclass definitions. The requirement of
17  numerosity is therefore satisfied.

18      **ANSWER**:

19          Aurora denies the allegations in Paragraph 21 and expressly denies that class
20  treatment is appropriate.

21      22.    Common questions of law or fact exist as to all proposed class members
22  and predominate over any questions which affect only individual members of the
23  proposed class. These common questions of law or fact include:

24      a.     Whether Aurora failed to provide a total feed ration that included pasture;

25      b.     Whether Aurora entered non-organic dairy cows into organic dairy
26             production before they completed one year of continuous organic
27             management;

28

c.    Whether Aurora labeled and represented dairy products as organically produced when such products were not produced and handled in accordance with the California Organic Products Act of 2003, as enacted in Calif. Health And Safety Code, §§110810 *et seq.* and Calif. Food And Agricultural Code, §§46000 *et seq.* [sic]

d.    Whether Aurora labeled and represented dairy products as organically produced when such products were not produced and handled in accordance with the National Organic Program regulations [sic]

e.    Whether Aurora failed to maintain adequate records under NOP regulations;

f.    Whether plaintiffs and class members were damaged by paying premium organic prices for non-organic dairy products;

g.    Whether Aurora's dairy products were organic;

h.    Whether plaintiffs and class members are entitled to restitution, disgorgement and/or damages;

i.    Whether Aurora's conduct rises to the level of willfulness so as to justify punitive damages;

j.    Whether an injunction in necessary in order to prevent Aurora from continuing to engage in illegal activity.

**ANSWER**:

Aurora denies the allegations in Paragraph 22 and expressly denies that class treatment is appropriate.

23.    The claims of the plaintiff are typical of the claims of the class. Plaintiff purchased dairy products produced by Aurora that was labeled organic. Plaintiff paid a higher price for the "organic" dairy products than they would have for non-organic dairy products.

**ANSWER**:

The first sentence in Paragraph 23 is a legal conclusion for which no answer is

1    required.  Aurora denies that class treatment is appropriate.  Aurora is without knowledge or

2    information sufficient to form a belief as to the truth or falsity of the allegations contained in the

3    second and third sentences of Paragraph 23 and, on that basis, denies them.  Except as expressly

4    admitted, Aurora denies the remaining allegations in Paragraph 23.

5        24.    Plaintiff will fairly and adequately represent the interests of the members

6    of the class. Plaintiff has no interest adverse to the interests of the members of the class.

7    Plaintiff has retained competent attorneys who have experience in class action litigation.

8        **ANSWER**:

9            Aurora is without knowledge or information sufficient to form a belief as to the

10   truth or falsity of the allegations regarding Plaintiff and her counsel contained in Paragraph 24

11   and, on that basis, denies them.  By way of further response, Aurora expressly denies that class

12   treatment is appropriate.  Aurora further denies the appropriateness of the definition and

13   description of the class and sub-class.  Except as expressly admitted, Aurora denies the

14   remaining allegations in Paragraph 24.

15       25.    A class action is a superior method for the fair and efficient adjudication

16   of this controversy. The adjudication of a separate action by individual members of the

17   class would create a risk of inconsistent or varying adjudications with respect to

18   individual members of the class. Upon information and belief, Aurora's falsely labeled

19   dairy products have been purchased by tens or hundreds of thousands, perhaps millions,

20   of California residents and there is no practical alternative for the adjudication of this

21   magnitude of claims other than by class action.

22       **ANSWER**:

23           Aurora denies the allegations in Paragraph 25 and expressly denies that class

24   treatment is appropriate.

25       26.    Questions of law or fact common to the members of the class predominate

26   over any questions affecting only individual members. There is no special interest in the

27   members of the class individually controlling the prosecution of separate actions; the

28   damages sustained by individual class members is relatively small; and the expense and

1    burden of individual litigation make it impossible for the class members individually to

2    address the wrongs done to them.

3        **ANSWER**:

4            Aurora denies the allegations in Paragraph 26 and expressly denies that class

5    treatment is appropriate.

6        27.    Management of this lawsuit as a class action will not pose any unusual

7    difficulties beyond those ordinarily confronted in complex civil litigation and other class

8    actions. Evidence relating to Aurora's alleged violations will be applicable to all

9    members of the class; and there are accepted means for notifying class members who

10    purchased the milk in question.

11        **ANSWER**:

12            Aurora denies the allegations in Paragraph 27 and expressly denies that class

13    treatment is appropriate.

14

15                    **FIRST CAUSE OF ACTION**

16        **(Unfair Competition Law, California Bus. & Prof. Code Sections 17200, *et seq.*)**

17    **("Unlawful" Prong – Failures to Comply With the California Organic Products Act of 2003**

18                    **and Other California Statutes)**

19        28.    Plaintiff hereby incorporates by reference the allegations contained in all

20    preceding paragraphs of this complaint.

21        **ANSWER**:

22            Aurora hereby incorporates its preceding answers as if fully set forth herein.

23        29.    Aurora placed into the stream of commerce and intended for ultimate sale

24    to consumers dairy products labeled as – and represented to be – "organic," and such

25    placement is and has been "unlawful" as meant by Cal. Bus. & Prof. Code § 17200 *et*

26    *seq.*, which prohibits unfair competition defined as any "unlawful, unfair or fraudulent

27    business act or practice."  Plaintiff has suffered injury in fact and has lost money or

28    property as a result of such unfair competition.

1    **ANSWER**:

2          Aurora admits that it markets and sells milk and dairy products with the label

3    "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

4    agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

5    OFPA and the NOP.  Except as expressly admitted, Aurora denies the remaining allegations in

6    Paragraph 29.

7          30.    Aurora placed into the stream of commerce and intended for ultimate sale

8    to consumers dairy products labeled as – and represented to be – "organic," and such

9    placement is and has been contrary to numerous provisions of California law, including

10   but not limited to the following provisions of the California Organic Products Act of

11   2003:  Cal. Health And Safety Code, §§110820, 110890 and 110956, and Cal. Food and

12   Agricultural Code, §§46002, 46014.2(b), 46020, 46028. In addition, Aurora's acts have

13   been and are contrary to the provisions of Cal. Food and Agricultural Code, §§36061 and

14   36062.

15         **ANSWER**:

16         Aurora admits that it markets and sells milk and dairy products with the label

17   "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

18   agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

19   OFPA and the NOP.  Except as expressly admitted, Aurora denies the remaining allegations in

20   Paragraph 30.

21         31.    Pursuant to Cal. Bus. & Prof. Code § 17203, plaintiff seeks restitution

22   and/or disgorgement for herself and all class members in such amounts as the Court

23   deems appropriate to deter future violations of law or which are necessary to restore to

24   plaintiff and the class any moneys obtained by means of unfair competition. Plaintiff

25   further seeks injunctive relief to prevent continued or future violations of law by Aurora.

26         WHEREFORE, plaintiff prays for relief as set forth hereinafter.

27         **ANSWER**:

28         Aurora denies that Plaintiff is entitled to any relief whatsoever, including but not

14

1  limited to the relief sought in Plaintiff's First Amended Complaint.  Aurora further denies that

2  this action is appropriate for class treatment.  Except as expressly admitted, Aurora denies the

3  remaining allegations in Paragraph 31.

### SECOND CAUSE OF ACTION

**(Unfair Competition Law, California Bus. & Prof. Code Sections 17200, *et seq.*)**

**("Unlawful" Prong – Failures to Comply With the National Organic Program [Section**

**6517 of the Organic Foods Production Act of 1990 (7 U.S.C. Sec. 6501 *et seq.*) and**

**Implementing Regulations]).**

10      32.      Plaintiff hereby incorporates by reference the allegations contained in all

11  preceding paragraphs of this complaint.

12      **ANSWER**:

13           Aurora hereby incorporates its preceding answers as if fully set forth herein.

14      33.      Aurora placed into the stream of commerce and intended for ultimate sale

15  to consumers dairy products labeled as – and represented to be – "organic," and such

16  placement is and has been "unlawful" as meant by Cal. Bus. & Prof. Code § 17200 *et*

17  *seq.*, which prohibits unfair competition defined as any "unlawful, unfair or fraudulent

18  business act or practice."  Plaintiff has suffered injury in fact and has lost money or

19  property as a result of such unfair competition.

20      **ANSWER**:

21           Aurora admits that it markets and sells milk and dairy products with the label

22  "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

23  agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

24  OFPA and the NOP.  Except as expressly admitted, Aurora denies the remaining allegations in

25  Paragraph 33.

26      34.      Aurora placed into the stream of commerce and intended for ultimate sale

27  to consumers dairy products labeled as – and represented to be – "organic," and such

28  placement is and has been contrary to numerous provisions of Federal law, including but

1  not limited to the following provisions of the National Organic Program (Section 6517 of

2  the Organic Foods Production Act of 1990), 7 U.S.C. Sec. 6501 *et seq.* and its

3  implementing regulations:  7 USC §§ 6504, 6505, 6506, 6509(e)(2), 6509(f), and 6511,

4  and 7 C.F.R. §§ 205.236(a)(2), 205.236(b)(1), 205.237(a), 205.238(a)(3), 205.239(a)(2),

5  and 205.239(a)(3).

6  **ANSWER**:

7  Aurora admits that it markets and sells milk and dairy products with the label

8  "USDA Organic" in accordance with the organic certification issued to Aurora by two certifying

9  agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

10  OFPA and the NOP.  Except as expressly admitted, Aurora denies the remaining allegations in

11  Paragraph 34.

12  35.  Pursuant to Cal. Bus. & Prof. Code §17203, plaintiff seeks restitution

13  and/or disgorgement for herself and all class members in such amounts as the Court

14  deems appropriate to deter future violations of law or which are necessary to restore to

15  plaintiff and the class any moneys obtained by means of unfair competition. Plaintiff

16  further seeks injunctive relief to prevent continued or future violations of law by Aurora.

17  WHEREFORE, plaintiff prays for relief as set forth hereinafter.

18  **ANSWER**:

19  Aurora denies that Plaintiff is entitled to any relief whatsoever, including but not

20  limited to the relief sought in Plaintiff's First Amended Complaint.  Aurora further denies that

21  this action is appropriate for class treatment.  Except as expressly admitted, Aurora denies the

22  remaining allegations in Paragraph 35.

23

24  **THIRD CAUSE OF ACTION**

25  **(Unfair Competition Law, California Bus. & Prof. Code Sections 17200, *et seq.*)**

26  **("Fraudulent and Deceptive" Prong)**

27  36.  Plaintiff hereby incorporates by reference the allegations contained in all

28  preceding paragraphs of this complaint.

16

1    **ANSWER**:

2         Aurora hereby incorporates its preceding answers as if fully set forth herein.

3         37.    Aurora placed into the stream of commerce and intended for ultimate sale

4    to consumers dairy products labeled as – and represented to be – "organic," and such

5    placement is and has been "fraudulent" and "unfair, deceptive, untrue or misleading

6    advertising" as meant by Cal. Bus. & Prof. Code § 17200 *et seq.*, which prohibits unfair

7    competition defined as any "unlawful, unfair or fraudulent business act or practice and

8    unfair, deceptive, untrue or misleading advertising". [sic] Aurora's misrepresentations

9    that its dairy products were "organic" were material. Plaintiff has suffered injury in fact

10   and has lost money or property as a result of such unfair competition.

11   **ANSWER**:

12        Aurora admits that it markets and sells milk and dairy products with the label

13   "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

14   agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

15   OFPA and the NOP.  Aurora expressly denies making any misrepresentations concerning the

16   status of its milk and dairy products as organic and, thus, expressly denies having made

17   "material" misrepresentations.   Except as expressly admitted, Aurora denies the remaining

18   allegations in Paragraph 37.

19        38.    Pursuant to Cal. Bus. & Prof. Code § 17203, plaintiff seeks restitution

20   and/or disgorgement for herself and all class members in such amounts as the Court

21   deems appropriate to deter future violations of law or which are necessary to restore to

22   plaintiff and the class any moneys obtained by means of unfair competition. Plaintiff

23   further seeks injunctive relief to prevent continued or future violations of law by Aurora.

24        WHEREFORE, plaintiff prays for relief as set forth hereinafter.

25   **ANSWER**:

26        Aurora denies that Plaintiff is entitled to any relief whatsoever, including but not

27   limited to the relief sought in Plaintiff's First Amended Complaint.  Aurora further denies that

28

1    this action is appropriate for class treatment.  Except as expressly admitted, Aurora denies the

2    remaining allegations in Paragraph 38.

3

### FOURTH CAUSE OF ACTION

4

**(Consumer Legal Remedies Act, Cal. Civil Code §1750 *et seq.*)**

5

6    39.    Plaintiff hereby incorporates by reference the allegations contained in all

7    preceding paragraphs of this complaint.

8    **ANSWER**:

9    Aurora hereby incorporates its preceding answers as if fully set forth herein.

10    40.    On October 23, 2007, plaintiff sent by certified mail a letter to Aurora

11    notifying it of its violations of Civ. Code § 1770.  In the letter, plaintiffs demanded that

12    Aurora correct, repair, replace or otherwise rectify the sales which violated this statute.

13    **ANSWER**:

14    Aurora admits it received a letter from Plaintiff dated October 23, 2007.  Aurora

15    further states that the content of the letter speaks for itself and to the extent the allegations in

16    Paragraph 40 vary therewith, Aurora denies those allegations.  Aurora further states that this

17    letter was sent after Plaintiff filed her complaint on October 18, 2007.  Except as expressly

18    admitted, Aurora denies the remaining allegations in Paragraph 40.

19    41.    Aurora received the letter on October 26, 2007, more than 30 days prior to

20    the filing of this amended complaint, but has yet to take any action to rectify its

21    wrongdoing for plaintiff or putative class.

22    **ANSWER**:

23    Aurora denies the allegations in Paragraph 41 and expressly denies having

24    committed any wrongdoing.

25    42.    Aurora's conduct in placing into the stream of commerce and intended for

26    ultimate sale to consumers of dairy products labeled as – and represented to be –

27    "organic" constitute acts which are "unfair methods of competition and unfair or

28

18

1    deceptive acts or practices" as defined by Cal. Civ. Code §§1770(a)(5) and 1770(a)(7) of

2    the California Consumer Legal Remedies Act.

3        **ANSWER**:

4        Aurora admits that it markets and sells milk and dairy products with the label

5    "USDA Organic" in accordance with organic certifications issued to Aurora by two certifying

6    agents -- CDA and QAI -- acting pursuant to the authority vested in them by the USDA under the

7    OFPA and the NOP.  Except as expressly admitted, Aurora denies the remaining allegations in

8    Paragraph 42.

9        43.    Aurora has engaged and continues to engage in deceptive practices,

10   unlawful methods of competition, and/or unfair acts as defined by Cal. Civ. Code

11   §§1750, *et seq.*, to the detriment of plaintiff and subclass members. Plaintiff and subclass

12   members have suffered harm as a proximate result of the violations of law and wrongful

13   conduct of the Aurora alleged herein.

14       **ANSWER**:

15       Aurora denies the allegations in Paragraph 43 and expressly denies that class

16   treatment is appropriate.

17       44.    On information and belief, Aurora's violations of law have been willful

18   and of a nature such that punitive damages should be awarded to plaintiff and subclass

19   members, as provided in Cal. Civil Code §1781(a)(4).

20       **ANSWER**:

21       Aurora denies the allegations in Paragraph 44 and expressly denies that class

22   treatment is appropriate.

23       45.    Plaintiff seeks injunctive and other equitable relief to halt Aurora's

24   unlawful practices. Plaintiff further seeks actual, statutory and punitive damages, for

25   herself and the class, resulting from Aurora's unlawful conduct, in an amount to be

26   proven at trial.

27

28

1    WHEREFORE, plaintiff prays for relief as set forth below.

2    **ANSWER**:

3    Aurora denies that Plaintiff is entitled to any relief whatsoever, including but not

4    limited to the relief sought in Plaintiff's First Amended Complaint. Aurora further denies that

5    this action is appropriate for class treatment. Except as expressly admitted, Aurora denies the

6    remaining allegations in Paragraph 45.

7

8    **FIFTH CAUSE OF ACTION**

9    **(Breach of Implied Warranty, Cal. Comm. Code §2314 et seq.)**

10    46.    Plaintiff hereby incorporates by reference the allegations contained in all

11    preceding paragraphs of this complaint.

12    **ANSWER**:

13    Aurora hereby incorporates its preceding answers as if fully set forth herein.

14    47.    Aurora is a merchant with respect to the sale of dairy products.

15    **ANSWER**:

16    Paragraph 47 contains a legal conclusion for which no answer is required. Except

17    as expressly admitted, Aurora denies the allegations in Paragraph 47.

18    48.    All of Aurora's sales of organic dairy products were accompanied by an implied

19    warranty of merchantability. This warranty included:

20    a.    The warranty that the dairy products were adequately contained, packaged, and

21    labeled;

22    b.    The warranty that the dairy products conformed to the promises or affirmations of

23    fact made on the container or label.

24    **ANSWER**:

25    Paragraph 48 contains a legal conclusion for which no answer is required. Except

26    as expressly admitted, Aurora denies the allegations in Paragraph 48.

27

28

1    49.    Aurora breached these implied warranties by selling and labeling dairy products

2  as organic when they were not organic.  Aurora further breached the covenant of good faith and

3  fair dealing by doing so.

4    **ANSWER**:

5        Aurora denies the allegations in Paragraph 49.  Aurora affirmatively states that it

6  markets and sells milk and dairy products with the label "USDA Organic" in accordance with

7  organic certifications issued to Aurora by two certifying agents -- CDA and QAI -- acting

8  pursuant to the authority vested in them by the USDA under the OFPA and the NOP.  Except as

9  expressly admitted, Aurora denies the remaining allegations in Paragraph 49.

10    50.    As a result of Aurora's breach of warranty and of the covenant of good faith and

11  fair dealing, plaintiff and the class have been damaged in an amount to be proved at trial.

12        WHEREFORE, plaintiff prays for the relief as set forth below.

13    **ANSWER**:

14        Aurora denies that Plaintiff is entitled to any relief whatsoever, including but not

15  limited to the relief sought in Plaintiff's First Amended Complaint.  Aurora further denies that

16  this action is appropriate for class treatment.  Except as expressly admitted, Aurora denies the

17  remaining allegations in Paragraph 50.

18                            **PRAYER FOR RELIEF**

19        Plaintiff on behalf of herself and on behalf of the class and subclass members, prays for

20  the following relief:

21    A.    For an order certifying the proposed class and subclass and appointing

22  plaintiff and her counsel to represent the class and subclass in this litigation;

23    B.    For an order enjoining defendant from placing into the stream of

24  commerce any dairy products labeled as "organic" (or which defendant knows or

25  reasonably should know will be so labeled) that do not meet all standards and

26  requirements of California and Federal law regarding labeling and sale of organic dairy

27  products;

28

1  C.      For an order requiring defendant to restore to plaintiff and all class

2  members all amounts which may have been acquired by means of any practices found by

3  this Court to be contrary to the provisions of the California Unfair Competition Law, Bus.

4  & Prof. Code §§17200 *et seq.*;

5  D.      For an order requiring defendant to disgorge to plaintiff and all class

6  members all amounts which may have been acquired by means of any practices found by

7  this Court to be contrary to the provisions of the California Unfair Competition Law, Bus.

8  & Prof. Code §§17200 *et seq.*;

9  E.      For an award of actual, statutory and punitive damages as permitted by the

10  Consumer Legal Remedies Act;

11  F.      For an award of damages as permitted by the California Commercial

12  Code;

13  G.      For attorneys' fees pursuant to Cal. Civ. Proc. Code §1021.5 and Civ.

14  Code § 1780(d)

15  H.      For costs of suit; and

16  I.      For such other relief as the Court deems proper.

17  **ANSWER**:

18  Aurora denies that Plaintiff is entitled to any relief whatsoever, including but not

19  limited to the relief sought in Plaintiff's First Amended Class Action Complaint.  Aurora further

20  denies that this action is appropriate for class treatment.  Except as expressly admitted, Aurora

21  denies the remaining allegations in the Paragraph entitled "Prayer for Relief."

22  **JURY TRIAL DEMANDED**

23  For all Counts in this Complaint, Plaintiff seeks a jury trial for all appropriate issues.

24  **ANSWER**:

25  Aurora admits that Plaintiff purports to seek a jury trial for the issues in this Complaint.

26  Except as expressly admitted, Aurora denies the remaining allegations in the Paragraph entitled

27  "Jury Trial Demanded."

28

Case No. 3:07-cv-05331-MJJ
DEF. AURORA DAIRY CORP.'S ANSWER AND
AFF. DEFENSES TO PLAINTIFF'S FIRST
AMENDED CLASS ACTION COMPLAINT

1

**AFFIRMATIVE DEFENSES**

2    Aurora's affirmative defenses to Plaintiff's First Amended Complaint are set forth below.

3  By setting forth the following allegations and defenses Aurora does not assume the burden of

4  proof on any matters or issues other than those on which it bears said burden as a matter of law.

5

**FIRST AFFIRMATIVE DEFENSE**

6    1.    The First Amended Complaint fails to state any claim upon which relief can be

7  granted.

8

**SECOND AFFIRMATIVE DEFENSE**

9    2.    The claims of Plaintiff and members of the proposed class for equitable relief are

10  barred by the fact that Plaintiff and the members of the proposed class have an adequate remedy

11  at law.

12

**THIRD AFFIRMATIVE DEFENSE**

13    3.    The claims asserted are barred, in whole or in part, to the extent that Plaintiff

14  suffered no legal injury.

15

**FOURTH AFFIRMATIVE DEFENSE**

16    4.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

17  estoppel and/or laches.

18

**FIFTH AFFIRMATIVE DEFENSE**

19    5.    Plaintiff and members of the proposed class may be barred, in whole or in part,

20  from recovery because they have made statements and/or taken actions which estop them from

21  asserting their claims.

22

**SIXTH AFFIRMATIVE DEFENSE**

23    6.    The claims of Plaintiff and/or members of the proposed class may be barred, in

24  whole or in part, by the applicable statute of limitations.

25

**SEVENTH AFFIRMATIVE DEFENSE**

26    7.    The claims in Plaintiff's First Amended Complaint are barred, in whole or in part,

27  because Plaintiff and members of the proposed class cannot meet their burden of showing that

28

1  any acts, conduct, statements or omissions on the part of Aurora were misleading or likely to

2  mislead.

3  **EIGHTH AFFIRMATIVE DEFENSE**

4      8.      The claims in Plaintiff's First Amended Complaint are barred, in whole or in part,

5  because Plaintiff and members of the proposed class were not actually misled or deceived by

6  and/or did not rely on any statements or omissions on the part of Aurora in deciding whether to

7  purchase the organic milk produced by Aurora.

8  **NINTH AFFIRMATIVE DEFENSE**

9      9.      Plaintiff's First Amended Complaint is barred, in whole or in part, by the

10  Supremacy Clause of the United States Constitution and by the doctrine of preemption.

11  Allowing state law to override or alter the decisions of the USDA and the requirements of OFPA

12  and the NOP regulations conflicts with both Federal law and the policies underlying Federal law

13  and would stand as an obstacle to the Federal objective of creating unified organic food

14  standards throughout the United States.

15  **TENTH AFFIRMATIVE DEFENSE**

16      10.     The claims in Plaintiff's First Amended Complaint are barred, in whole or in part,

17  because the USDA, the California Department of Health Services and/or the California

18  Department of Food and Agriculture have primary jurisdiction over the subject matter hereto.

19  **ELEVENTH AFFIRMATIVE DEFENSE**

20      11.     If any persons or entities claiming to be members of the proposed class have

21  released claims, they may be barred from recovery, in whole or in part, by such releases.

22  **TWELFTH AFFIRMATIVE DEFENSE**

23      12.     The claims of Plaintiff and members of the proposed class may be barred, in

24  whole or in part, to the extent that they may have failed to mitigate damages.

25  **THIRTEENTH AFFIRMATIVE DEFENSE**

26      13.     Plaintiff and her counsel have failed to join as parties to this action all persons and

27  entities who would be necessary parties for adjudication of the claims of Plaintiff and/or

28  members of the proposed class.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Plaintiff and/or members of the proposed class may be barred from recovery, in whole or in part, if in this or other tribunals, they have brought actions and have received judgments or awards on some or all claims asserted herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     If any persons claiming to be members of the proposed class have resolved the same or similar claims as those alleged in Plaintiff's First Amended Complaint, they may be barred from recovery, in whole or in part, on the ground that they are subject to the defense of accord and satisfaction.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     The claims of Plaintiff and the members of the proposed class are barred, in whole or in part, to the extent that they engaged in unlawful, inequitable or improper conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     The claims of Plaintiff and the members of the proposed class are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     The claims of Plaintiff and the members of the proposed class are barred, in whole or in part, because Plaintiff and members of the proposed class failed to exhaust administrative remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     The claims of Plaintiff are barred, in whole or in part, because Aurora has complied with the applicable Federal and state laws and regulations governing the production, marketing, labeling and sale of organic foods and was certified by a Federal agency to label its products "USDA Organic."

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     The claims in the First Amended Complaint are barred, in whole or in part, by the doctrine set forth in <u>Diaz v. Kay-Dix Ranch</u>, 9 Cal. App. 3d 588 (1970).

25

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2     21.    The claims in the First Amended Class Action Complaint are barred, in whole or

3 in part, by the doctrine set forth in <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel.</u>

4 <u>Co.</u>, 20 Cal. 4th 163 (1999).

5

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

6     22.    The claims of Plaintiffs and members of the proposed class for punitive damages

7 are barred, in whole or in part, by California law and the Constitution of the United States.

8

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

9     23.    Plaintiff's action cannot be maintained as a class action because Plaintiff cannot

10 meet the requirements under Federal law for class certification. Further, certification of the

11 proposed class would result in the denial of due process to Aurora, as well as to the proposed

12 class.

13

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14     24.    This action is not appropriate for class treatment because the claims necessarily

15 turn on individual purchasing habits and patterns for each Plaintiff and proposed class member.

16

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

17     25.    This action is not appropriate for class treatment because at least some of the milk

18 sold by retailers and allegedly purchased by Plaintiff and/or proposed class members was not

19 purchased from Aurora.

20

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21     26.    Aurora has insufficient knowledge or information upon which to form a belief as

22 to whether it may have additional affirmative defenses that govern the claims asserted by

23 Plaintiffs and on behalf of persons claimed to be members of the proposed class. Aurora,

24 therefore, reserves the right to raise additional defenses as appropriate.

25

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

26     27.    Plaintiff's claims for damages under the Consumer Legal Remedies Act are

27 defective, since no statutorily-required notice was served upon Aurora thirty days <u>prior</u> to the

28 filing of suit as required by Cal. Civ. Code § 1782(a).

1     WHEREFORE, Aurora prays:

2   (a)  That Plaintiff and all members of the proposed class take nothing by reason of

3 this suit;

4   (b)  For attorneys fees and costs;

5   (c)  That the certification of all proposed classes herein be denied; and

6   (d)  For any other and further relief as the Court deems just and proper.

7

               Respectfully submitted,

8

9 Dated:  January 3, 2008      /s/

               Viviann C. Stapp

10            One of the Attorneys for Defendant

11            Latham & Watkins LLP

             505 Montgomery Street, Suite 2000

12            Telephone: (415) 391-0600

             Fax: (415) 395-8095

13            Email: viviann.stapp@lw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28