**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
Robert M. Bramson, Cal. Bar No. 102006
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: 925-945-8792
rbramson@bramsonplutzik.com

**THE MILLS LAW FIRM**
Robert W. Mills, Cal. Bar No. 062154
Harry Shulman, Cal. Bar No. 209908
145 Marina Boulevard
San Rafael, CA 94901-4224
Telephone: (415) 455-1326
Facsimile: (415) 455-1327
harry@millslawfirm.com

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Stephen Gardner (*pro hac vice*)
Director of Litigation
Katherine Campbell (*pro hac vice*)
Staff Attorney
The Meadows Building
5646 Milton Street, Suite 211
Dallas, Texas 75206
Telephone: 214-827-2774
Facsimile: 214-827-2787
sgardner@cspinet.org
kcampbell@cspinet.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GALLARDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AURORA DAIRY CORPORATION,<br>d/b/a Aurora Organic Dairy, a Delaware Corporation,<br><br>Defendant. | Case No. **3:07-cv-05331-MJJ**<br><br>**PLAINTIFF'S OPPOSITION TO MOTION OF AURORA ORGANIC DAIRY TO AMEND CASE MANAGEMENT SCHEDULE AND TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD UNTIL RESOLUTION OF COMPETING MOTIONS FOR TRANSFER AND CONSOLIDATION CURRENTLY PENDING BEFORETHE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Plaintiff Brenda Gallardo respectfully opposes the "Motion of Aurora Organic Dairy to Amend Case Management Schedule and to Extend Time to Answer or Otherwise Plead Until Resolution of Competing Motions for Transfer and Consolidation Currently Pending Before the Judicial Panel on Multidistrict Litigation" ("Defendant's Motion For Extension").

## BASIS OF OPPOSITION

Defendants' Motion for Extension should be denied for three reasons. *First*, defendant's motion is premised on the fact that there are similar cases against it, and two motions to transfer and consolidate are currently pending before the Judicial Panel on Multidistrict Litigation ("JPML"). However, defendant has *opposed* those motions. Thus, defendant is saying to the JPML that the actions against it should proceed in the ordinary course of litigation, but to this Court that the current action should not so proceed. Defendant should not be allowed argue both ways.

*Second*, even though the present action had been filed as of the dates of the motions to transfer and coordinate, it was not included by any party in the list of actions to be transferred to the potential MDL. Thus, even if the JPML were to grant the motions to transfer, the present case would not be affected.

*Finally*, the cases that were included in the MDL transfer filings all sought certification of a nationwide class of organic milk purchasers. The present case seeks certification of a California class only. Hence, even if the exclusion of the present case from the MDL transfer motions were unintentional, the present case would not necessarily be included in any MDL proceeding in any event. Again, the pendency of the MDL determination involving other cases is insufficient basis for a stay of the early proceedings such as initial discovery which will be essentially identical even if some subsequent order directed this case to be joined with others.

## I. DEFENDANT'S POSITION BEFORE THE JPML

The first plaintiff and case to move for MDL treatment was *Freyre v. Aurora Organic Dairy*, Civ. Action No. 1:07-02183-EWN (D. Colo.). In opposing the *Freyre* motion to transfer before the JPML, defendant stated that: (1) "consolidation would not promote the efficient conduct of these proceedings;" (2) the questions raised in the cases against it were "mundane;" and (3) that "[t]here is also nothing in the record suggesting that the kind of extensive discovery required in *IBM* will be needed or that anything other than garden variety tort and contract claims are at issue."[1] In short, defendants asserted that there is nothing complex about cases such as the present one, and that they should proceed in their filed jurisdictions. In these circumstances, it is hard to see why the delay associated with staying the present case until the JPML rules is warranted.

Moreover, in its current motion for extension, defendant states: "The parties face a number of near-term required actions and pending deadlines, including engaging in preliminary discovery, defining the scope of electronic and other discovery and otherwise engaging in pre-trial activities." (Motion at 3). If defendant meant what it said in the opposition it filed before the JPML, however, these are precisely the type of activities which *should* be occurring in this forum at this time. Defendant's argument that these actions would be rendered "moot or duplicative" if the JMPL orders consolidation is wrong and without factual support. Defendant makes no showing that any of these activities *are* going on in any of the other cases against it at the present time; to the contrary, the showing defendant makes indicates that they are *not* occurring elsewhere.[2] Since all of these activities will need to happen, there is no reason why they should not begin now. Indeed, according to F.R.C.P. 1, the federal rules should be construed to secure the just, *speedy* and inexpensive determination of every action.

---

[1] See Declaration of Harry Shulman In Support Of Plaintiff's Opposition To Defendants' Motion For Extension ("Shulman Decl."), at ¶2.

[2] See Ex. H to Declaration of Livia Kiser In Support Of Defendant's Motion For Extension.

## II. THE PRESENT CASE IS NOT INCLUDED IN THE TRANSFER MOTIONS.

Plaintiff Brenda Gallardo filed the present action on October 18, 2007. Plaintiffs Rebecca and Fernando Freyre were the first plaintiffs to file a motion for transfer and coordination before the JPML; they filed their motion on October 19, 2007. They listed four actions on their "Schedule of Actions" to transfer; the present case was not among those actions.[3] Each of the included actions sought certification of a national class of organic milk purchasers.

Plaintiffs Kristine Mothershead and Leonie Lloyd were the second plaintiffs to file a transfer motion; they filed their motion on November 5, 2007. The *Mothershead* plaintiffs identified their own case and the same four cases on the *Freyre* "Schedule of Actions" to be transferred to an MDL court.[4] Again, their motion excluded the current action from the cases to be transferred.

Hence, even if the motions to transfer are granted, the present case will not be among the cases transferred. As defendant has acknowledged, the present case involves straightforward issues and should continue before this Court.

## III. THE PRESENT CASE SEEKS CERTIFICATION OF A CALIFORNIA CLASS ONLY.

Each of the five cases included in the "Schedule of Actions" to be potentially transferred to an MDL court seeks certification of a national class of organic milk purchasers and assert multiple state laws as applicable to their cases.[5] By contrast, the present case is based on California law and seeks certification of a California class only. The issues raised in this case, both in terms of class certification and ultimately liability and damages, will therefore be different than the issues raised in the cases other plaintiffs seek to transfer. Hence, even if excluding the present case from the two

---

[3] See Shulman Decl., ¶3.
[4] See Shulman Decl., ¶4.
[5] See Shulman Decl., ¶5.

"Schedules of Actions" to be transferred was unintentional, there is no reason to believe that the present case would be transferred to an MDL court even if an MDL were ordered. This case is different, has unique law which applies to it, and is before a Court which is familiar with that law. It should continue before this Court in the ordinary course.

## IV. DEFENDANT HAS ALREADY PREPARED ITS ANSWER AND THE TIME IS RIPE FOR COMMENCING PRE-CASE MANAGEMENT CONFERENCE REQUIREMENTS.

Defendant has already prepared its answer and attached it as Exhibit H to its Motion for Extension. Plaintiffs submit that the Court should deny Defendant's Motion For Extension, order the Answer filed as of the date of the denial, and require the parties to make the initial disclosures required by F.R.C.P. 26. Indeed, Rule 1.5 of the JPML Rules of Procedure expressly states that the pendency of any motions for transfer does *not* affect the Court's jurisdiction ("The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.") Clearly, the burden of justifying a stay is on defendant, and if anything, the position defendant has taken to date refutes the appropriateness of a stay. The motion should be denied, and current deadlines enforced.

Dated: January 8, 2007

Respectfully submitted,

_____
Harry Shulman
THE MILLS LAW FIRM
145 Marina Boulevard
San Rafael, CA 94901
Telephone: (415) 455-1326
Facsimile: (415) 455-1327

CASE NO.3:07-CV-05331-MJJ
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION

4

|   |   |
|---|---|
| 1 |   |
| 2 | Robert M. Bramson |
|   | BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP |
| 3 | 2125 Oak Grove Road, Suite 120 |
|   | Walnut Creek, CA 94598 |
| 4 | Telephone: (925) 945-0200 |
|   | Facsimile: (925) 945-8792 |
| 5 |   |
| 6 | CENTER FOR SCIENCE IN THE PUBLIC INTEREST |
| 7 | Attorneys for Plaintiff |

Robert M. Bramson
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

CENTER FOR SCIENCE IN THE PUBLIC INTEREST

Attorneys for Plaintiff