**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP**
Robert M. Bramson, Cal. Bar No. 102006
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Facsimile: 925-945-8792
rbramson@bramsonplutzik.com

**THE MILLS LAW FIRM**
Robert W. Mills, Cal. Bar No. 062154
Harry Shulman, Cal. Bar No. 209908
145 Marina Boulevard
San Rafael, CA 94901-4224
Telephone: (415) 455-1326
Facsimile: (415) 455-1327
harry@millslawfirm.com

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Stephen Gardner (*pro hac vice*)
Director of Litigation
Katherine Campbell (*pro hac vice*)
Staff Attorney
The Meadows Building
5646 Milton Street, Suite 211
Dallas, Texas 75206
Telephone: 214-827-2774
Facsimile: 214-827-2787
sgardner@cspinet.org
kcampbell@cspinet.org

*Attorneys for Plaintiff Brenda Gallardo*

**LATHAM & WATKINS LLP**
Viviann C. Stapp (Bar No. 233036)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: viviann.stapp@lw.com

Mark S. Mester (*pro hac vice*)
Livia M. Kiser (*pro hac vice*)
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mark.mester@lw.com
       livia.kiser@lw.com
Attorneys for Defendant
Aurora Dairy Corporation

*Attorneys for Defendant Aurora Dairy Corp.*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRENDA GALLARDO, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>AURORA DAIRY CORPORATION, d/b/a AURORA ORGANIC DAIRY,<br><br>Defendant. | Case No. 3:07-cv-05331-MJJ<br><br>JOINT REPORT OF CASE MANAGEMENT CONFERENCE |

Pursuant to Fed. R. Civ. P. 26 ("Rule 26"), Civil Local Rule 16-9 and the Court's Order Setting Rule 26(f) Scheduling Conference in this matter, counsel for Plaintiff Brenda Gallardo ("Plaintiff") and counsel for Defendant Aurora Dairy Corporation ("Aurora") (collectively, the "Parties") held a Rule 26(f) conference telephonically on January 8, 2008. The Parties, in turn, submit this Joint Rule 26(f) Report:

### I.   JURISDICTION AND SERVICE

**A.   Plaintiff's Position:**

This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff, have a different citizenship from Aurora; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

Plaintiff served the summons and complaint and filed the certificate of service on November 1, 2007. Aurora has appeared, but pursuant to the Parties' stipulation as approved by the Court, Aurora's answer date was extended to December 28, 2007. On January 3, 2008, Aurora moved for a further extension of time, and to modify the initial case management order. Plaintiff opposed the motion, and it remains pending. Aurora has not filed an answer or otherwise moved.

B. **Aurora's Position:**

Aurora acknowledges that Plaintiff's claimed basis for jurisdiction is the Class Action Fairness Act. Plaintiff filed a Complaint on October 18, 2007 (not November 1, 2007) and subsequently filed an amended complaint on December 18, 2007. On November 13, 2007, Aurora entered an appearance in the case, but pursuant to the Parties' stipulation as approved by the Court (as well as the additional time allotted by virtue of Plaintiff having filed an amended complaint), Aurora's answer date was extended to January 3, 2008.

On January 3, 2008, Aurora moved for a further extension of time, pending resolution by the Judicial Panel on Multidistrict Litigation of the competing motions for transfer and consolidation. Aurora also attached an answer to its motion for a limited extension of time, denying Plaintiff's allegations and raising a number of affirmative defenses, including failure to meet the requirements for class certification, failure to state a legally-cognizable injury, preemption and primary jurisdiction. Aurora requested that if the Court deemed it appropriate for Aurora to answer the Amended Complaint, the Court allow Aurora to file the attached answer <u>instanter</u> and that the Court otherwise temporarily suspend all other pretrial activities until the Multidistrict Panel rules on the competing transfer motions, on which it has scheduled oral argument for January 30, 2008. Plaintiff opposed the motion, and it remains pending.

## II. FACTUAL SUMMARY OF CASE, CLAIMS AND DEFENSES

A. **Plaintiff's Position:**

Plaintiff alleges that Aurora labeled and sold its milk as organic when in fact it was not produced in accordance with requirements for organic labeling. Plaintiff further alleges that Aurora sold its milk through its own brand, as well as through private label brands sold in Safeway and Costco. Plaintiff believes that millions of gallons of this milk have been sold in California.

B. **Aurora's Position:**

Aurora denies Plaintiff's allegations and has raised a number of affirmative defenses, including failure to meet the requirements for class certification, failure to state a legally-cognizable injury, preemption and primary jurisdiction.

# III. SYNOPSIS OF PRINCIPAL LEGAL ISSUES

### A. Plaintiff's Position:

Plaintiff believes this is a straightforward case based on mislabeled products, and has asserted unfair competition, consumer protection and breach of implied warranty claims. In its papers opposing the efforts of plaintiffs in other cases to transfer those cases to a multidistrict litigation court, Aurora similarly stated that the case is straightforward.

### B. Aurora's Position:

At the present time, Aurora believes that the principal legal issues in **THIS** case are: (a) whether it is possible for Plaintiff to state any legally cognizable claim given, among other reasons, the Organic Food Production Act and the regulations promulgated thereunder, and, if so (b) whether the proposed class can meet the requirements of Fed. R. Civ. P. 23, including the requirements of commonality, typicality, adequacy, manageability and predominance; (c) whether Aurora in fact "mislabeled" its milk as organic in violation of federal law; (d) the extent of damages (if any) Plaintiff may be entitled to recover; and (e) the injunctive or other form of relief (if any) that Plaintiff may be entitled to.

# IV. STATEMENT CONCERNING ISSUES THAT MAY BE DETERMINED BY MOTION

As noted, Aurora's motion for a limited extension of time is pending. At this time, the Parties are aware of two additional motions that may be filed in the case:

### A. Aurora's Motion To Dismiss

As previously indicated to the Court, once the issue of transfer and consolidation is addressed by the Multidistrict Panel, Aurora will file before this Court or any other court to which this matter is transferred a motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c). If this case remains before this Court, Aurora will file its motion to dismiss within 60 days of the Panel's ruling denying transfer and consolidation of this case. Aurora proposes that the Parties convene at a status conference within 30 days of the ruling by the Multidistrict Panel to set a briefing schedule for the remaining memoranda on Aurora's motion to dismiss.

B.    **Plaintiff's Motion For Class Certification**

Plaintiff's motion is discussed in Section IX, infra.

## V.    STATEMENT CONCERNING AMENDMENT OF PLEADINGS

A.    **Plaintiff's Position:**

Plaintiff is unaware of any need to amend the pleadings at the present time, but has not yet seen Aurora's motion to dismiss. Plaintiff believes the deadline to amend pleadings should be set 120 days from the date of the Court's ruling on Aurora's forthcoming motion to dismiss.

B.    **Aurora's Position:**

Should the Court grant Aurora's motion to dismiss, Aurora does not believe there will be any grounds for Plaintiff to amend her complaint again, but in any case, Aurora believes the Court should set a deadline to amend pleadings 30 days from the date of the Court's ruling, rather than 120 days as suggested by Plaintiff.

## VI.    EVIDENCE PRESERVATION

A.    **Plaintiff's Position:**

There is little evidence for Plaintiff to preserve, as her claims are based on purchases of milk from Safeway, but she will preserve that limited evidence.

B.    **Aurora's Position:**

Aurora has taken all appropriate steps to preserve all of the evidence that may be relevant to this case.

## VII.    STATEMENT CONCERNING INITIAL DISCLOSURES UNDER RULE 26(A)

A.    **Plaintiff's Position:**

Plaintiff proposes for initial disclosures to be made on January 22, 2008 in accordance with the Initial Scheduling Order.

B.    **Aurora's Position:**

As set forth in further detail in its motion for a limited extension of time, Aurora believes that initial disclosures are premature and that the Court should follow the majority of other courts -- including courts in this district – who suspend proceedings pending transfer decisions by the

Multidistrict Panel. See e.g., Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); Lyman v. Asbestos Defendants, No. C 07-4240 SBA, 2007 U.S. Dist.. LEXIS 78766, at *8-9 (N.D. Cal. Oct. 10, 2007) ("[A] stay will likely preserve judicial resources by preventing a duplication of proceedings before this Court and the [Multidistrict] court"); Hardin v. Merck & Co., No. C-07-007 SBA, 2007 U.S. DIST. LEXIS 29478, at *5 (N.D. Cal. April 4, 2007) ("Often, deference to the [Multidistrict Panel]…provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the [multidistrict] system."). This is particularly so given where, as here, if the cases are transferred and consolidated, they almost certainly will not be transferred to this Court. See, e.g., Section X.B., infra.

## VIII. DISCOVERY PLAN

A.  **Subjects On Which Discovery May Be Needed, When Discovery Should Be Completed And Whether Discovery Should Be Conducted In Phases Or Be Limited To Or Focused Upon Particular Issues**

1. **Plaintiff's Position:**

Plaintiff does not believe that discovery should be conducted in phases. Plaintiff believes that discovery should commence now on both on class certification issues and merits issues, given the difficulty of drawing the line between the two and the inefficiencies that arise when attempting to do so. Plaintiff believes that discovery will include at least the following subjects: (a) operations at all facilities where Aurora has purportedly raised organic cattle; (b) operations at all facilities where Aurora has packaged purportedly organic milk, and specimens of all packaging; (c) contracts by which Aurora has sold organic milk for private labeling; (d) all communications between Aurora and the entities which have certified it; (e) Aurora's compliance with organic regulations, and documents required to be maintained by regulatory agencies; (f) documents regarding cattle purchases and entry into the herd, including veterinary records; (g) complaints from consumers and regulators regarding the bona fides or Aurora's organic program; and (h) the dollar amounts of organic milk sold, and of the premium for organic milk, over the class period. Plaintiff also believes third party discovery from Aurora's private label buyers, including Safeway

and Costco, will be necessary, particularly regarding communications between them and Aurora, labeling, amounts sold, and identification of customers who bought milk produced by Aurora.

### 2. Aurora's Position:

In the event that the cases before the Multidistrict Panel are not transferred and consolidated, Aurora believes that the Court should suspend discovery pending resolution of Aurora's motion to dismiss, given that the motion addresses the jurisdiction of the Court to hear this case and given the fact that discovery likely will be entirely mooted upon the grant of Aurora's motion. See Alaska Cargo Trans. Inc. v. Alaska Railroad Corp., 5 F.3d 378, 383 (9th Cir. 1993) (stay of discovery proper where motion to dismiss was jurisdictional in nature); Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (court has discretion to stay discovery when plaintiff unable to state claim for relief). In the event the case moves forward after the Court's ruling on Aurora's motion to dismiss, however, Aurora respectfully submits that consistent with Ninth Circuit precedents, discovery should occur in two phases, with the first phase focused on issues relating to the propriety of maintaining this case as a class action. See, e.g., Dukes v. Wal-Mart, Inc., 474 F.3d 1214, 1227 (9th Cir. 2007); Staton v. Boeing Co., 327 F.3d 938, 954 (9th Cir. 2003). Aurora proposes the case be bifurcated in this manner because the case will differ dramatically depending upon whether the class is certified or not. See, e.g., Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1189 (9th Cir. 2001) (discussing the impact on a case of certifying versus not certifying a class).

### B. Electronic Discovery

The Parties have not expressly discussed electronic discovery. Plaintiff has indicated she will request Aurora to produce all electronically stored information in its native format. Aurora believes that any such discussions are premature, however, as the case is subject to transfer and consolidation by the Multidistrict Panel to either the United States District Court for the Eastern District of Missouri or the United States District Court for Colorado. See Section X.B., infra.

C. **Issues Relating To Claims Of Privilege Or Of Protection Of Trial Preparation Materials**

The Parties have not expressly discussed this topic. Aurora believes that any such discussions are premature, however, as the case is subject to transfer and consolidation by the Multidistrict Panel to either the United States District Court for the Eastern District of Missouri or the United States District Court for Colorado. See Section X.B., infra.

D. **Limitations On Discovery**

The Parties have not expressly discussed this topic. Aurora believes that any such discussions are premature, however, as the case is subject to transfer and consolidation by the Multidistrict Panel to either the United States District Court for the Eastern District of Missouri or the United States District Court for Colorado. See Section X.B., infra.

E. **Orders Under Rule 26(c) or Rule 16(b)**

The Parties have not expressly discussed this topic. Aurora believes that any such discussions are premature, however, as the case is subject to transfer and consolidation by the Multidistrict Panel to either the United States District Court for the Eastern District of Missouri or the United States District Court for Colorado. See Section X.B., infra.

## IX. CLASS ACTIONS

A. **Plaintiff's Position:**

Plaintiff will seek certification pursuant to Rule 26(b)(2) (for injunctive or declaratory relief) and 26(b)(3) (for damages where common issues predominate). Given the challenges to the complaint Aurora has stated it will mount, Plaintiff believes that the schedule for class certification briefing should be pegged to the case being at issue, after determination of the anticipated motion to dismiss. Plaintiff believes she can file her class certification motion 180 days after the case is at issue.

B. **Aurora's Position:**

Aurora believes that should the Court deny its motion to dismiss, the Parties should reconvene under Rule 26, focusing initial discovery efforts on the issue of whether class certification is appropriate and then undertake necessary remaining discovery once the Court has

Case No. 3:07-cv-05331-MJJ
JOINT REPORT OF CASE MANAGEMENT CONFERENCE

8

ruled on the class issue. Aurora believes this is the most efficient and economical approach and consistent with Ninth Circuit precedents. See Dukes, 474 F.3d at 1227; Staton, 327 F.3d at 954. Accordingly, Aurora proposes that the Parties first address in discovery the issue of class certification, and following discovery on that issue, the issue of class certification would then be presented to the Court pursuant to a schedule that will be mutually agreed upon.

## X.    STATEMENT CONCERNING RELATED CASES

### A.    Plaintiff's Position:

There are no related cases pending in this District. Plaintiff pointed out in her opposition to Aurora's motion to modify the initial case management schedule, the present case differs from the others in that it seeks certification of a California class only, not a national class. Plaintiff believes that, since the present case concerns a California class only, it should proceed in this district and that no further references are appropriate.

### B.    Aurora's Position:

There are currently ten cases pending in other federal district courts against Aurora, and two cases pending in state courts in California and Indiana. See Schedule of Actions, Ex. A hereto. Many of theses cases seek certification of classes which include persons in California and which substantially, if not entirely, overlap with Plaintiff's proposed class.

As the Parties advised the Court on October 19, 2007, plaintiffs in one of the suits, Freyre v. Aurora Dairy Corp., Case No. 07-cv-02183-EWN-CBS (D. Colo. Oct. 17, 2007) filed a petition, pursuant to 28 U.S.C. § 1407 (2000) with the Multidistrict Panel to transfer and consolidate the pending lawsuits (including this one) to the United States District Court for the District of Colorado for coordinated pretrial management. On or around November 5, 2007, plaintiffs in another action, Mothershead, et al. v. Aurora Dairy Corp., Case No. 07-cv-01701-CAS (E. D. Mo. Oct. 4, 2007) filed a motion before the Multidistrict Panel, seeking to transfer the lawsuits to the United States District Court for the Eastern District of Missouri and opposing transfer to the District of Colorado. Subsequently, plaintiffs in other cases (Still, et al. v. Aurora Dairy Corp., Case No. 07-cv-02188-WDM (D. Colo. Oct. 17, 2007), and Snell et al. v. Aurora Dairy Corp.,

Case No. 07-cv-02449-MSK-KMT (D. Colo. Nov. 23, 2007)) filed papers with the Multidistrict Panel supporting consolidation in the District of Colorado and opposing consolidation in the Eastern District of Missouri. In response to the two competing motions for consolidation and transfer, Aurora also filed a response with the Multidistrict Panel on November 13, 2007. Aurora has indicated that if the Multidistrict Panel believes consolidation and transfer is appropriate, then the cases should be transferred to the District of Colorado.

Aurora notes that Plaintiff and her counsel chose not to file any opposition to transfer and consolidation, notwithstanding having received notice of the motions from Aurora on or around November 13, 2008. Under the rules of the Multidistrict Panel, the "[f]ailure of a party to respond to a motion shall be treated as that party's acquiescence to the action requested in the motion." See Judicial Panel on Multidistrict Litigation Rule 7.2(c). Plaintiff, therefore, arguably concedes the appropriateness of the transfer and consolidation of these proceedings. See id.

## XI. STATEMENT CONCERNING RELIEF SOUGHT BY PLAINTIFF

### A. Plaintiff's Position:

Plaintiff seeks an injunction prohibiting Aurora from labeling and selling its milk as "organic" until it is in full compliance with applicable organic regulations. Plaintiff seeks disgorgement and return of all amounts she paid for Aurora's milk. Alternatively, plaintiff seeks damages based on the difference in price between conventional milk and organic milk. Plaintiff also seeks statutory and punitive damages as permitted by the Consumer Legal Remedies Act.

Plaintiff does not know how many class members there are, or what the average purchases of organic milk per class member were, and thus cannot state classwide damages at this time. However, plaintiff believes that this information can be obtained from Aurora's records, as well as from records of third party sellers such as Safeway and Costco.

### B. Aurora's Position:

Aurora denies that Plaintiff is entitled to any relief whatever and further denies that class treatment of Plaintiff's claims is appropriate. Aurora further states that it has held valid organic certifications from two certifying agents -- the Colorado Department of Agriculture and QAI --

acting pursuant to the authority vested in them by the USDA under the Organic Foods Production Act ("OFPA") and National Organic Program ("NOP") at all relevant times, entitling Aurora to label its milk "organic" under the OFPA and NOP. Furthermore, Aurora's valid organic certificates have never been suspended or revoked.

## XII. STATEMENT CONCERNING SETTLEMENT DISCUSSIONS

In their initial Rule 26(a) conference, the Parties were unable to come to agreement as to the specific ADR method they believed would be most suitable for this case. Accordingly, the Parties filed a notice of need for ADR phone conference on January 8, 2008. There have been no settlement discussions as of the present time. Mr. Tim Smagacz, an administrator with the ADR Program for the Northern District of California has scheduled a call on January 24, 2008 to discuss this issue.

Both Parties have filed the Certification required by ADR L.R. 3-5.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to the appointment of a Magistrate Judge to conduct all further proceedings.

## XIV. OTHER REFERENCES

A.  **Plaintiff's Position:**

Related cases, but not this case, have already been referred to the Multidistrict Panel for possible transfer and coordination/consolidation. Aurora has opposed those requests and contends that the cases against it should proceed in their current fora, albeit with coordinated discovery and motion practice. Plaintiff believes that, since the present case concerns a California class only, it should proceed in this district and that no further references are appropriate.

B.  **Aurora's Position:**

Aurora believes that this Court should temporarily suspend proceedings in light of the competing motions currently pending before the Multidistrict Panel. Aurora generally opposed transfer and consolidation but noted that if the Panel deemed transfer and consolidation appropriate, that such transfer should be to the United States District Court for the District of

Colorado. Three other parties expressly support transfer and consolidation to the District of Colorado, and the remaining parties took no position on the issue of transfer and consolidation.

## XV. STATEMENT CONCERNING NARROWING OF ISSUES

The Parties are unaware of any issues that can be narrowed by agreement or by motion at this time.

## XVI. EXPEDITED SCHEDULE

The Parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

A.   **Plaintiff's Position:**

Plaintiff believes that all dates should be set based on when Aurora's challenge to the pleadings is resolved, and Aurora's answer is filed ("at issue date"):

| | |
|---|---|
| Designation of experts | At issue date + 240 days |
| Discovery cutoff | At issue date + 270 days |
| Pretrial conference | At issue date + 330 days |
| Trial | At issue date + one year |

B.   **Aurora's Position:**

The Parties have not expressly discussed this topic. Aurora believes that any such discussions are premature, however, as the case is subject to transfer and consolidation by the Multidistrict Panel to either the United States District Court for the Eastern District of Missouri or the United States District Court for Colorado. See Section X.B., supra.

## XVIII. STATEMENT CONCERNING TRIAL

A.   **Plaintiff's Position:**

Plaintiff has demanded trial by jury. At present, Plaintiff believes trial could be completed in three weeks.

B.  **Aurora's Position:**

The Parties have not expressly discussed this topic. Aurora believes that any such discussions are premature, however, as the case is subject to transfer and consolidation by the Multidistrict Panel to either the United States District Court for the Eastern District of Missouri or the United States District Court for Colorado. See Section X.B., supra.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

A.  **Plaintiff's Position:**

Plaintiff is an individual, and accordingly, other than herself, there is no such interest to report. Plaintiff is filing a certification to this effect concurrently with this Report.

B.  **Aurora's Position:**

As Aurora indicated in its Corporate Disclosure Statement, Aurora is a corporation organized under the laws of the State of Delaware. No publicly-held company holds ten percent (10%) or more of Aurora Dairy Corporation's stock.

## XX. OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER

The Parties have not identified any such issues at this time.

Dated: January 22, 2008                    Respectfully submitted,

COUNSEL FOR BRENDA GALLARDO              COUNSEL FOR AURORA DAIRY CORPORATION

By /s/ Robert M. Bramson                  By /s/ Viviann C. Stapp
**BRAMSON, PLUTZIK, MAHLER &**            **LATHAM & WATKINS LLP**
**BIRKHAEUSER, LLP**                       Viviann C. Stapp (Bar No. 233036)
Robert M. Bramson, Cal. Bar No. 102006     505 Montgomery Street, Suite 2000
2125 Oak Grove Road, Suite 120             San Francisco, California 94111-2562
Walnut Creek, California 94598             Telephone: (415) 391-0600
Telephone: (925) 945-0200                  Facsimile: (415) 395-8095
Facsimile: 925-945-8792                    Email: viviann.stapp@lw.com
rbramson@bramsonplutzik.com

Case No. 3:07-cv-05331-MJJ
JOINT REPORT OF CASE MANAGEMENT CONFERENCE

13

| | | |
|---|---|---|
| 1 | | |
| 2 | **THE MILLS LAW FIRM**<br>Robert W. Mills, Cal. Bar No. 062154 | Mark S. Mester (*pro hac vice*)<br>Livia M. Kiser (*pro hac vice*) |
| 3 | Harry Shulman, Cal. Bar No. 209908<br>145 Marina Boulevard | 233 South Wacker Drive<br>Suite 5800 Sears Tower |
| 4 | San Rafael, CA 94901-4224<br>Telephone: (415) 455-1326 | Chicago, Illinois 60606<br>Telephone: (312) 876-7700 |
| 5 | Facsimile: (415) 455-1327<br>harry@millslawfirm.com | Facsimile: (312) 993-9767<br>Email: mark.mester@lw.com |
| 6 | **CENTER FOR SCIENCE IN THE PUBLIC INTEREST** |       livia.kiser@lw.com<br>Attorneys for Defendant |
| 7 | Stephen Gardner (*pro hac vice* pending)<br>Director of Litigation | Aurora Dairy Corporation |
| 8 | Katherine Campbell (*pro hac vice* pending)<br>Staff Attorney | |
| 9 | The Meadows Building<br>5646 Milton Street, Suite 211 | |
| 10 | Dallas, Texas 75206<br>Telephone: 214-827-2774 | |
| 11 | Facsimile: 214-827-2787<br>sgardner@cspinet.org | |
| 12 | kcampbell@cspinet.org | |
| 13 | | |
| 14 | | |
| ... | | |
| 28 | | |