IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA GALLARDO, | No. C07-05331 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO AMEND CASE MANAGEMENT SCHEDULE** |
| v. | |
| AURORA DAIRY CORPORATION, | |
| Defendant. | |

### INTRODUCTION

Before the Court is Defendant Aurora Dairy Corporation's ("Defendant") Motion To Amend Case Management Schedule And Extend Time To Answer. (Docket No. 18.) Plaintiff Brenda Gallardo ("Plaintiff") opposes the request. (Docket No. 20.) For the following reasons, the Court **DENIES** Defendant's request.

### FACTUAL BACKGROUND

On October 18, 2007 Plaintiff filed this action to enjoin Defendant from labeling milk as organic because it allegedly does not meet federal and state organic labeling standards. (*See* Complaint Docket No. 1.)  There are eleven somewhat similar complaints filed against Defendant pending in different federal courts nationwide.  There are two pending motions to transfer and consolidate four of these cases ("Consolidation Motions").  The first, filed on October 19, 2007, seeks to transfer four of the eleven actions to the U.S. District Court for the District of Colorado. The second, filed on November 5, 2007, seeks to move the same four actions to the U.S. District Court for the Eastern District of Missouri.  The instant action is not one of the four cases subject to these Consolidation Motions. (Def.'s Motion, Exh. B and C.)  Defendant opposed, in the relevant courts, the Consolidation Motions. (Def.'s Motion, Exh. E at 4.)

**LEGAL STANDARD**

Pursuant to Civil L. R. 6-3, a party may make a motion to enlarge or shorten time to answer or otherwise respond to the complaint. In a motion to enlarge time, a party must: (1) set forth with particularity, the reasons for the requested enlargement; (2) describe the efforts the party has made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) disclose all previous time modifications in the case; and (5) describe the effect the requested time modification would have on the schedule for the case. The court may grant, deny or modify the requested time change. *See* Civil L. R. 6-3 (d).

Under Civil L. R. 16-2 (d), a party may seek relief from the Case Management Schedule by filing a motion that: (1) describes circumstances supporting the request; (2) affirms that counsel for the moving party conferred with all other counsel for each party and report whether each party supports or opposes the request for relief; and (3) is accompanied by a proposed revised case management schedule. *See* Civil L. R. 16-2 (d).

**ANALYSIS**

Defendant contends that the Court should enlarge the deadline to submit an answer to the Complaint given that the Consolidation Motions are pending before the Multidistrict Litigation Panel (MDL Panel). Defendant further requests that the Court amend the case management schedule accordingly. Defendant argues that court resources will be conserved by extending the time to Answer until after the rulings on the Consolidated Motions. ( Def.'s Motion at 1.) Defendant claims that a majority of courts stay or suspend proceedings pending decisions to consolidate multidistrict litigation. (Def.'s Motion at 3.)   Plaintiff, in response, argues that the instant case is not one of the four cases before the MDL Panel and thus no efficiency is gained by awaiting the rulings on the Consolidation Motions. (Plf.'s Opp. at 1.) The Court agrees.

At the outset the Court notes that the instant case has not been named in either of the Consolidation Motions and it is not listed as one of the cases that the MDL Panel is considering for consolidation. (Def.'s Motion, Exh. B, C, F at 4.) Thus, Defendant has not shown that this case is subject to the pending Consolidation Motions.

In addition, Defendant's argument that "a majority of courts" stay proceedings pending MDL

Panel decisions does not apply to the instant case. (Def.'s Motion at 3.) Defendant is correct in its assertion, but unlike all of the cases Defendant relies on, the instant case is not one of the cases being considered by the MDL Panel for consolidation and transfer.[1] *See, e.g.*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1359, 1362 (C.D. Cal. 1997) (granting the motion to stay to conserve judicial resources because the case was subject to a pending motion to consolidate and transfer); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (finding that a stay pending the MDL Panel's decision regarding "this case" was proper); *Lyman v. Asbestos Defendants*, No. C 07-4240 SBA, 2007 U.S. DIST. LEXIS 78766, at *8-9 (N.D. Cal. Oct. 10, 2007) (granting motion to stay because it "will likely preserve judicial resources by preventing a duplication of proceedings before the court and MDL court"); *Hardin v. Merck & Co.*, No. C-07-007 SBA, 2007 U.S. DIST. LEXIS 29478, at *5 (N.D. Cal. April 4, 2007) (granting motion to "stay all proceedings pending a decision on transfer by the judicial panel on multidistrict litigation" after the action was included with others before the panel on multidistrict litigation).

The court also finds that neither issues of fairness nor hardship weigh in favor of granting Defendant's request. *See Rivers*, 980 F. Supp.1360 (considering hardship and inequity on the moving party if the action is not stayed when determining whether or not to allow a stay). While it is true that there are other similar cases filed against Defendant in other jurisdictions, this alone does not show hardship and inequity (Def.s Motion Exh. E at 4.)

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion. Defendant's Answer, filed on January 3, 2008 is deemed timely filed.

**IT IS SO ORDERED.**

Dated: January 23, 2008

MARTIN J. JENKINS

UNITED STATES DISTRICT JUDGE

---

[1] On January 10, 2008 Defendant filed a Request for Judicial Notice. The Court does not rely on the material submitted by Defendant. Therefore, the Court **DENIES** Defendant's request.